Weldon, J.,
delivered the opinion of the court:
This claim is prosecuted to recover compensation for certain services rendered as commissioner of the circuit court of the United States for the southern district of Alabama from January 16, 1882, to November 22,1883.
The fees sued for were allowed by the circuit court for said district, but disallowed by the accounting officers of the Treasury Department.
On the 4th of October, 1881, the circuit court of the United States for said district, at the request of the Department of Justice, made an order, and had it entered of record, requiring each commissioner to keep a docket in which shall be entered his proceedings in each case, the names of the witnesses, fees of marshal, the name and expense of the guard, with the mileage and expense allowed by law.
Between said periods the petitioner issued warrants in three hundred and seventy-eight cases. In three hundred and twenty-eight issue was joined and testimony heard; in forty-eight cases no issue was joined, and the defendants were discharged. For the cases in which issue was joined and testimony heard the claimant charged f>3, and in cases in which no issue was joined and no testimony heard the sum of $1.
The Treasury Department having refused to pay the docket fee as allowed by the court, the claimant filed his petition.
It is insisted by the claimant that the allowance made by the circuit court was legal under sections 847 and 828 of the Ee-vised Statutes.
It is provided in section 847, regulating the fees of commissioners :
“ For issuing any warrant or writ, or for any other service, the same compensation as is allowed to clerks for like service.”
*275 Section 828 provides that the clerk be allowed—
“ For making dockets and indexes, issuing venire, taxing costs, and all other services on the trial or argument of a cause when issue is joined and testimony given, $3.”
And—
“For making dockets, indexes, taxing costs, and other services in a cause which is dismissed, or discontinued, or where judgment or decree is made without issue, $1.”
The order of the circuit court requiring the commissioners to keep a docket was made at the instance of the Department of Justice, and was deemed necessary by that department and the circuit court in the administration of criminal law.
Although the section of the statute prescribing and regulating the fees of a commissioner does not specifically allow a fee for the items charged, yet there is a general clause of “ other services ” provided for by the statute which may include the right to charge as alleged in the petition of the claimant.
When services are rendered by the commissioner the compensation for which is not specifically provided for by section 847 he is remitted to the provisions of section 828, regulating the compensation allowed to clerks for like services.
The phrase “like services” does not necessarily mean identical with, for by such a construction the compensation allowed to commissioner “for any other service” would be defeated because of the subject-matter of the duties of the commissioner and the clerk being somewhat different; but the statute must receive a reasonable construction, and where the service of the clerk bears a substantial resemblance to the duty performed by the commissioner, then, under 847,the commissioner would be entitled to the compensation allowed by law to the clerk, it being in legal substance a “ like service.”
The circuit court in the allowance of the claim must have taken this view of the law, and while thi« court has held that the order of the. court is not binding upon the accounting officers, it is prima facie evidence of the amount due, and the only question arising is a question of law (Turner v. The United States, 19 C. Cls. R., 629.)
The order of the circuit court requiring the commissioner to keep a docket was a legal requirement upon the commissioner, for which service there is no specific allowance of fees by the statute; and, as has been said by the Attorney-General in a *276 case very much like the case at bar, if a person “ is compelled by law to perform a service or incur a charge in a matter not specified by the act, he is to receive a reasonable allowance. (Op. Att’y-Gen., vol. 6, par. 59.)
The service of keeping’ a docket was legally imposed on the commissioner by order of the circuit court, and became, within the meaning of section 847, “other services,” and in law such services were like services to the services performed by the clerk under section 828, for which compensation is allowed upon the basis adopted by the circuit court of the southern district of Alabama.
It is therefore the judgment of the court that the claimant recover the sum of $1,032.