Scofield, J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the northern district of Texas, from June 17, 1879, to December, 1883.
Duriug- this time he kept a docket, in which he recorded the-proceedings before him in the manner required by the Circuit Court of that district. For this service, his fees, made up according to sections 847 and 828 of the Bevised Statutes, amount to $390.
The first objection to a recovery raised by the defendants is based upon the fact that the United States court has not passed upon the claim, as required by law, and ‘‘entered of record an order approving or disapproving the account.”
This omission was not occasioned by any neglect or fault of the claimant. He prepared and verified his account, as required by law, and through the district attorney presented it to the court. That officer was directed by the court to retain it and make a personal examination of the claimant’s docket. This was done, and the account again presented to the court, and the court again declined to take action thereon:
“The law in regard to the duties of the courts in approving these accounts is contained in the first section of the Act of February, 27, 1875 (18 Stat. L., 333), as follows:
“That before any bill of costs shall be taxed by any judge, or other officer, or any account payable out of the money of the *371 United States shall be allowed by any officer of the Treasury, in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a United States Circuit or District Court, and in presence of the district attorney, or his sworn assistant, whose presence shall be noted on the record, prove in open court, to the satisfaction of the court, by his own oath, or that of other persons having- knowledge of the facts, to be attached to such account, that the services therein charged have been actually and necessarily performed as therein stated, and that the disbursements charged have been fully paid in lawful money; and the court shall thereupon cause to be entered of record an order approving or disapproving the account, as may be according to law and just. United States commissioners shall forward their accounts, duly verified by oath, to the district attorneys of their respective districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the manner aforesaid. * * * Nothing contained in this act shall be deemed in any wise to diminish or affect the right of revision of the accounts to which this act applies by the accounting officers of the Treasury, as exercised under the laws now in force.”
The question now raised has been substantially decided by this court in several cases. In Turner’s Case (19 C. Cls. R., 629), the court said:
“In our opinion, the duty imposed upon the court of examining and approving or disapproving of accounts which are not-to be taxed m cases pending therein,' and are not chargeable to any fund within its control, but are payable out of the public treasury after review by the accounting officers, is not a judicial power, the exercise of which constitutes the approval or’ disapproval a judicial determination of the rights of the parties.' A similar question, almost identical with this in principle, was-discussed in the case of The United States v. Ferreira (13 How., 40), and we understand the views there expressed in the opin-ion of the court to warraut the conclusion which we have» reached on that point. (See also Gordon’s Case, 7 C. Cls. R., 1, and Langford’s Case, 101 U. S. R., 344.)
“The statute having made such accounts, after approval or disapproval, subject to revision by the accounting officers of the Treasury, in the ordinary processes of accounting, the order of the court is only prima facie evidence of the amount due thereon from the United States. That evidence may be rebutted by either party when the account is reviewed, either in the Treasury Department or by this court, in a suit brought upon it (United States v. Smith, 1 W. & M., 184).”
*372 In the Wallace Case (20 C. Cls. R., 273), the court said:
“ The Circuit Court, iu the allowance of the claim, must have taken this view of the law, and while this court has held that the order of the court is not binding upon the accounting- officers, it is prima facie evidence of the amount due, and the only question arising is a question of law.”
In Water’s Case (21 C. Cls. R., 30), the court, in construing the last sentence of section 1 of the act of 1875, said:
“This means nothing more than that the approval or disapproval by the court shall not be held to bo a judicial act, conclusive upon all parties, but shall be regarded merely as a step or process in the executive business of settling accounts.”
Part of this account, amounting to $191, accrued prior to June 23, 1880, more than six years before the claimant filed his petition in this court. This part of the claim is barred by section 1069 of the Revised Statutes. (Patterson’s Case, 21 C. Cls. R., 322.)
Another part of the claim, amounting to $93, accrued between Juno 23, 1880, and October 20, 1881, which was prior to the order of the court requiring the commissioners to keep dockets.
This fact presents a new question. The Supreme Court has decided that a commissioner who keeps a docket, by the order of the court, is entitled to docket fees. Is he entitled to such fees when he keeps a docket and performs the same service without an order from the court?
Is it not the duty of every commissioner, independent of court orders, to preserve a short memorandum of proceedings before him ? Otherwise he must carry the proceedings in his memory, and give them out to persons whose right and duty it is to know them “according to his best recollection.” Such mem-oranda of proceedings make up a docket. Such a memorandum or docket is certainly important, if not indispensable for the orderly transaction of official business.' To be sure the commissioner’s office is not a court of record, but it is an office in which a large amount of business is transacted, which deeply concerns the welfare of individuals and the general public. It is very important that brief minutes of such business should be preserved. Is it not the duty of the commissioner to keep such a docket, whether ordered by the court or not; and if *373 so, is he not entitled to fees as much in the one case as the other?
. Some doubt has been expressed as to the power of the Attorney-General or the judge to impose upon commissioners duties not otherwise required by law.. In this view of the commissioner’s duty, all doubt is removed. The order of the court was simply a ruling or decision upon the officer’s duty, already existing, as an incident of his office.
In this particular case, however, there is something more.
Section 1014- of the Revised Statutes is as follows:
“For any crime or offense against the United States, the offender may, by any justice or judge, of the United States, or by any commissioner of a Circuit Court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate of any State where he may be found, and agreeably to the mual mode of process against offenders in sueh States, and at the expense of the United States, be arrested and imprisoned or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense.”
By article 899 of the code of criminal procedure of Texas, justices of the peace are required to keep dockets, in which to record all the proceedings in criminal cases.
The claimant, following his own conception of his duty as a committing magistrate, and his own construction of these statutes, kept a docket, substantially as required by the subsequent order of the court.
We can see no reason why. a faithful commissioner, who correctly comprehended his duty and voluntarily performed it, should fare worse than one who performed the same service under judicial coercion.
For the fees that accrued subsequent to October 20, 1881, amounting to $103, the claimant is entitled to recover, under the decision in the Wallace Case above cited.
Judgment will be entered in favor of the claimant in the sum of $196.