Scofield, J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the district of Kentucky from January 12, 1886, to June 30, 1887.
During that time he kept a docket, as required by the court, in which he entered the proceedings in each case. His docket fees amounted to $447. Of this amount $157 accrued prior to August 4, 1886, and the remainder after that date.
The defendants do not dispute the correctness of any of the account, nor do they resist payment of the $157 which accrued prior to August 4, 1886. The remainder, they claim, is cut off by the proviso in the act of August 4, 1886, “ making appropriations to supply deficiencies for the fiscal year ending June *376 30,1886, and for prior years, and for other purposes.” (24 Stat. L., 274.) The appropriation and proviso are as follows:
u Fees of commissioners: For fees of commissioners and justices of the peace acting as commissioners, fifty thousand dollars : Provided, That for issuing any warrant or writ and for any other necessary service commissioners may be paid the same compensation as is allowed to clerks for like services; but they shall not be entitled to any docket fees.”
April 27, 1885, in the case of Wallace v. The United States (20 C. Cls. R., 273), this court held that a commissioner, under entirely similar circumstances, was entitled to charge docket fees. The case was appealed to the Supreme Court and affirmed. (116 U. S. R., 398.)
As the decision of the Supreme Court was rendered January 18, 1886, it can not be doubted that the attention of Congress had been called to it, and that this proviso was enacted for the purpose of cutting off all such fees, at least for the future. After reciting certain services for which compensation is to be allowed, the act declares that “they (the commissioners) shall not be entitled to any docket fees.” The language is plain and positive.
Whether the provision might be construed as retroactive, and if so, what effect should be given to it, is not considered by the court, inasmuch as the defendants concede the claimant’s right to recover for fees earned prior to its passage.
Judgment in favor of the claimant will be entered for $157.