CALVERT v. UNITED STATES.

*(District Court, D. South Carolina.  February 26, 1889.)*

UNITED STATES COMMISSIONERS—DOCKET FEES—ACT CONG. AUG. 4, 1886.
   Act Cong. August 4, 1886, (24 St. at Large, 274,) making appropriations to supply deficiencies, which expressly declares that commissioners shall receive no docket fees, amends Rev. St. U. S. §§ 828, 847, authorizing such fees, and takes away the right to them.

At Law.

Action by Archibald B. Calvert against the United States for docket fees as United States Commissioner.

*M. F. Ansel,* for plaintiff.

*H. A. De Saussure,* Asst. U. S. Dist. Atty.

SIMONTON, J.  The plaintiff is a commissioner of the circuit court in this district.  He brings his action for docket fees as such commissioner for the period 1st August, 1886, to 2d January, 1888,—104 cases, at $3 each, $312.  In all these cases issue was joined, and witnesses were examined.  The docket was produced in evidence, and is carefully and accurately kept.  The claim was duly presented, approved by the district attorney and by the court.  It was disallowed by the first comptroller of the treasury.  The answer in behalf of the United States sets up some purely formal objections, which are disregarded.  If there be any weight in them, the objections can be cured by amendment.  The real question raised in the answer is that, under the present law, commissioners cannot charge or be allowed docket fees.  Section 847, Rev. St. gave to commissioners "for issuing any warrant or writ for any other service the same compensation as is allowed to clerks for like services."  Section 828 gives to clerks "for making dockets and indexes, issuing *venire,* taxing costs, and all other services on the trial or argument of a cause where issue is joined, or testimony given, three dollars."  This entitled the commissioner to docket fees.  *U. S.* v. *Wallace,* 116 U. S. 398, 6 Sup. Ct. Rep. 408.  This decision was filed 18th January, 1886.  In the act making appropriations to supply deficiency in the appropriations for the fiscal year ending 30th June, 1886, and for prior years, and for other purposes, "approved August 4, 1886," we have this provision, (24 St. at Large, 274:)

"For fees of commissioners and justices of the peace acting as commissioners, $50,000: provided that for issuing any warrant or writ, and for any other necessary service, commissioners may be paid the same compensation as is allowed to clerks for like services, but they shall not be entitled to any docket fees."

Is this amendatory of section 847, Rev. St.?  Much argument has been made showing that it is not a repeal of that section, there being no repeal of the section in express words; and it is claimed, there being no such repugnancy, that the section and the clause in the statute cannot

be reconciled. It clearly does not repeal the section. Does it amend the section? Counsel for plaintiff contend that the act of 1886, being a deficiency act, is temporary in its character; that the proviso in question applies only to the appropriation mentioned; that, it being an appropriation act, no new legislation has place in it. It is true that, as a general rule, an appropriation act is temporary in its character; but congress has used such acts for permanent legislation. In the sundry civil act of March 3, 1883, (22 St. at Large, 631,) the sum of $160,000 is appropriated for fees of clerks, with provisos—*First*, putting the clerk of the supreme court of the District of Columbia under the same regulations as to fees with clerks of the United States courts; *second*, changing the law with regard to fees and emoluments of the clerk of the supreme court of the United States, reducing his compensation greatly; *third*, repealing section 3, act 28th Feb. 1799, compensating the same clerk for his attendance in court: *fourth*, empowering the supreme court to prepare a table of fees. It is true that, when new legislation is introduced into an appropriation bill, it may be excluded upon a point of order; but this is a rule of order which can be suspended, disregarded, or waived; and if in either event the house consider the amendment, its passage is not repugnant to any provision of the constitution or of the statutes. Did congress intend to make this proviso apply to this appropriation only? There is nothing in the language of the proviso limiting its application. It would seem to have the same force and effect as the proviso in the act of 1883, quoted above. Besides this, we have instances of the language used by congress when its intention is to limit the effect of the proviso, in the sundry civil act of 1887, (24 St. at Large, 541:)

"For fees of United States commissioners, and justices of the peace acting as United States commissioners, $50,000. And no part of any money appropriated by this act shall be used to pay any fees to any United States commissions, marshals, or clerks, for any warrant issued or arrest made, or other fees in prosecutions under the internal revenue law unless," etc.

The difference is marked. I am of the opinion that this proviso in the act of 1886 amends the law, and takes from commissioners the right to charge docket fees. The court of claims in the case of *Faris* v. *U. S.,* 23 Ct. Cl. 374, (No. 15,588,) reached the same conclusion. The subject is discussed and exhausted in *Strong* v. *U. S.,* 34 Fed. Rep. 17. In that case the cases are compared, and the rule laid down which this court follows and adopts. Let the complaint be dismissed.