Davis, J.,
delivered the opinion of the court:
This is a claim made by a United States commissioner for fees, which it is alleged would, under the rules now in force, be disallowed by the accounting officers of the Treasury if presented to them for payment. Eighty dollars of the charges are for hearing and deciding motions for continuance where motions were made and argued by .the district attorney or defendant’s counsel for such continuance. Another charge, $5 in. amount, is for one day on which there was an actual hearing and a decision upon the sufficiency of bail.
These charges fall within pievious rulings of the court and are allowed. (Harper v. The United States, 21 C. Cls. R., 56; Kavesies v. The United States, 33 C. Cls. R., 299.)
The remainder of the charges are for the actual examination and hearing of the complaining witness and such other witnesses as were produced by him preliminary to issuing the warrant; this plaintiff claims was in accordance with the following statute of Minnesota, the State where plaintiff resides:
11 §141. (Sec. 132.) Proceedings on complaint made — warrant— its contents. — Upon complaint made to any justice by any constable or other person that any such offence has been committed within the county, he shall examine the complainant on oath, and the witnesses produced by him, and reduce the complaint to writing, and cause the samé to be subscribed by the complainant; and if it appears that such offence has been committed, the said justice shall issue his warrant, reciting the-substance of the complaint, and requiring the officer to whom. *366 it is directed forthwith to arrest the accused, and to bring- him before such justice, or some other justice of the same county, to be dealt with according to law; and, in the'same warrant, may require the officer to summon such witnesses as shall be named therein, to appear and give evidence at the trial.” (General Statutes of Minnesota, chap. 65.)
This case differs from the cases of Harper and Ravesies in this, that the hearings were had prior to issuing a warrant, and for the purpose of deciding whether it should be issued.
Plaintiff contends that the difference is not material, and that the case at bar is not distinguishable from those already decided. He relies principally upon the following decision of the Secretary of the Interior, made in 1866, when that officer had supervision of commissioners’ accounts. The Secretary held that “ the terms hearing and deciding embraced the commissioners’ acts and rulings in the case, as well as the trial and determination of the issue of fact in the technical sense of those words.” And he further relies upon the following statement in the opinion of this court in Harper’s Case (21 C. Cls. R., 58):
“ Without intending to lay down a rule which should govern all cases, the court is of opinion that acts merely clerical, or for which special fees are allowed, should not entitle the commissioner to the daily compensation ; but acts upon which counsel ought to be heard, if desired, which necessitate some investigation and decision, such as determining whether the complaint is of a nature to constitute an offense for which the party can he criminally held, whether a continuance should be granted when required by one of the parties, and in such ease the amount and sufficiency of bail, come within the terms ‘for hearing and deciding on criminal charges;’ and the daily compensation should be allowed.”
Plaintiff further urges that to comply with section 1014 of the Revised Statutes, as judicially interpreted (United States v. Rundlett, 2 Curtis, C. Cls. R., 41; Knox v. United States, 23 C. Cls. R., 367; affirmed, 128 U. S. R., 230), it was necessary for him to hear these witnesses at the time he did, and to decide upon the sufficiency of the complaint before issuing his warrant.
Section 847, Revised Statutes, provides a fee of $5 a day “ for hearing and deciding on criminal charges * * * for the time necessarily employed.” This statute evidently contemplates an act in its essence judicial, not clerical. At the examination of complaining witness prior to issuing warrant there *367 was no reason why counsel should be present$ the defendant was not before the commissioner; there were no matters in controversy. That the intent of this provision of the statute was to provide compensation for a hearing and decision after warrant issued and returned, and with the defendant before the commissioner, is shown by the subsequent provision in the same section giving a fee “ for issuing any warrant or writ.” The service performed by plaintiff was this service; he issued warrants; and for performing that duty is entitled to a definitely specified fee, which must be held to include compensation for all labor necessarily incident to the duty of issuing a warrant or writ, such as hearing the statement of the complaining witness.
This item of charge is disallowed.
Judgment for plaintiff for $85.