## CRAWFORD v. UNITED STATES.

*(District Court, E. D. Missouri, E. D.  November 16, 1889.)*

1. UNITED STATES COMMISSIONERS—DOCKET FEES.
    Act Cong. Aug. 4, 1886, (24 U. S. St. 274,) entitled "An act making appropriations to supply deficiencies, * * * and for other purposes," which provides that commissioners shall receive no docket fees, abolishes docket fees altogether, and does not merely except the payment of such fees out of the appropriations thereby made.

2. SAME—DRAWING RECOGNIZANCES—SCALING BILL.
    A commissioner's bill for drawing recognizances, cannot be scaled on the ground that the form of recognizance used by him was longer than necessary, where such form has for a long time been used in his district, and thus impliedly sanctioned by the court.

3. SAME—DRAWING COMPLAINTS.
    A commissioner is entitled to fees for drawing complaints. Following *Rand* v. *U. S.*, 38 Fed. Rep. 666.

**4. SAME—FILING FINAL BONDS.**

Rev. St. U. S. § 847, providing for commissioners' fees, makes no provision for the allowance of a fee for "filing final bonds," and the commissioner is not entitled to compensation therefor.

**5. SAME—ACKNOWLEDGMENTS.**

Commissioners are entitled to the statutory fee for the acknowledgment of each surety on a bond, and not limited to one fee for all the acknowledgments to each bond.

**6. SAME—ENTERING RETURNS OF WARRANTS.**

Under Rev. St. U. S. § 847, providing that for issuing any warrant or writ, and for any other service, commissioners shall be allowed the same compensation as is allowed clerks for like services, and Rev. St. U. S. § 828, providing compensation to clerks for entering any return, etc., a commissioner is entitled to fees for entering returns of warrants and subpœnas in his docket.

**7. SAME—STATEMENT OF PROCEEDINGS.**

Where the commissioner, instead of returning into court a full transcript of proceedings had before him, returns the original papers, with a short statement, indorsed on the complaint, showing what action was taken by the committing magistrate or officer, he is entitled to a reasonable allowance for such indorsement.

**8. SAME—SEVERAL PROSECUTIONS.**

The commissioner will not be disallowed fees in two or more cases on the ground that they might have been prosecuted jointly with another case of the same character, where it appears that the district attorney directed the method of prosecution by several complaints, instead of one.

**9. SAME—QUALIFYING SUPERVISORS,**

Rev. St. U. S. § 2031, which provides the compensation to be paid to supervisors of election, does not provide for any allowance to be made them for the expense of qualifying for the discharge of their duties, and a commissioner is not entitled to fees for drawing affidavits and administering oaths in qualifying such supervisors, though he performed such services at the request of the chief supervisor.

At Law. Petition for the allowance of a claim against the United States for fees as commissioner.

*Dickson & Smith*, for plaintiff.

*George D. Reynolds*, U. S. Atty., for defendant.

THAYER, J. This is an action against the United States under the provisions of the act of March 3, 1887, (24 U. S. St. at Large, 505,) to recover the sum of $371.75; the same being fees alleged to have been earned by the plaintiff, as United States commissioner, between March 10, 1887, and March 31, 1889. Accounts embracing the several sums now sued for have been presented to the treasury department for payment from time to time between the dates last mentioned; but the items in question have been stricken out and disallowed for various reasons. Attached to the petition in the case is a lengthy, detailed statement of the fees now in controversy, which embraces numerous small items. For convenience in the consideration of the same, they will be grouped into classes.

*First.* Docket fees in the sum of $34 are claimed. The allowance of this item depends upon the decision of the question whether the proviso in the deficiency appropriation act of August 4, 1886,[1] (24 U. S. St. 274,) operated to abolish docket fees in future, or merely to except the payment of such fees out of the appropriation thereby made. It has been held that such fees, in view of the proviso, can no longer be al-

---

[1] Act Cong. Aug. 4, 1886, entitled "An act making appropriations to supply deficiencies, * * * and for other purposes," provides that commissioners "shall not be entitled to any docket fees."

lowed. *Vide Strong* v. *U. S.*, 34 Fed. Rep. 17; *McKinistry* v. *U. S.*, 34 Fed. Rep. 215; *Faris* v. *U. S.*, 23 Ct. Cl. 374; *Calvert* v. *U. S.*, 37 Fed. Rep. 762. On the other hand, it has been decided that they may be legally allowed, notwithstanding the proviso in question. *Vide Bell* v. *U. S.*, 35 Fed. Rep. 889; *Rand* v. *U. S.*, 36 Fed. Rep. 675; *Hoyne* v. *U. S.*, 38 Fed. Rep. 543. For reasons fully stated in *Strong* v. *U. S.* and *Faris* v. *U. S.*, *supra*, it appears to this court that congress intended to abolish docket fees in future; and the charge made in that behalf is accordingly disallowed.

*Second.* Fees charged for drawing "recognizances" and "complaints," amounting in the aggregate to $107.05, form the next subject of contention. It is conceded by the government that a commissioner may charge for drawing recognizances; but it is contended that the form of bond in use in this district is too prolix. The comptroller has accordingly scaled the commissioner's bill, allowing him in some instances for only three folios, and in other instances for a less number, without any reference to the number of folios actually contained in the bonds taken. In some instances the charges contained in the commissioner's accounts for drawing complaints have only been scaled; in others, such charges have been disallowed *in toto*, on the theory that they are illegal. For drawing recognizances and complaints, I find, as a matter of fact, that the commissioner has only charged for the actual number of folios contained in the papers by him drawn. The form of recognizance now in use in this district has long been in use, and has been impliedly sanctioned by the court. I conclude, therefore, that the commissioner is entitled to the compensation claimed for drafting recognizances. The court fully agrees with what was said on that subject in *Rand* v. *U. S.*, 36 Fed. Rep. 673, 674. Some difference of opinion exists concerning the right of commissioners to charge for drawing complaints. The question has been considered at some length in two cases, to-wit, *Strong* v. *U. S.*, *supra*, and *Rand* v. *U. S.*, 38 Fed. Rep. 666, 667. I conclude that good and sufficient legal reasons are shown in the case last cited for allowing such fees, and that the due administration of the criminal law requires that such fees should be allowed. The plaintiff is accordingly entitled to recover all that is claimed in his account for drawing recognizances and complaints, to-wit, $107.05.

*Third.* Plaintiff makes a small claim, amounting to $4.50, for "filing final bonds." This, as I understand, is a claim for compensation for indorsing on a bond the date that it is presented to and accepted by the commissioner. Section 847, Rev. St. U. S., makes no provision for compensation for such service, nor does the statute in any place make it the duty of the commissioner to make such indorsements on bonds or recognizances. Final bonds taken by such officers are returned into court, and there filed. So far as I can see, it is wholly unnecessary to indorse and file bonds in the manner indicated. For these reasons the claim is disallowed.

*Fourth.* Claim is made for taking acknowledgments to bonds, at the rate of 25 cents for each person who acknowledges the same. Different

opinions have been expressed as to the legality of such charges, and among the courts that allow such fees there is a difference of opinion as to whether a charge should be made on account of each surety, or only one fee of 25 cents for each bond. *Vide Strong* v. *U. S.*, and *Rand* v. *U. S., supra; Barber* v. *U. S.*, 35 Fed. Rep. 887; *Heyward* v. *U. S.*, 37 Fed. Rep. 764. It seems to be the practice to allow such fees in most districts. I accordingly assent to that view of the law. Such fees being allowed, it seems to me most reasonable to hold that it should be allowed for each acknowledgment by a surety, and should not be limited to 25 cents for each bond.

*Fifth.* A charge is made, in the sum of $26.40, for entering returns of warrants and subpœnas in the commissioner's docket. With respect to this charge there is also a difference of opinion as to its propriety. *Strong* v. *U. S., supra,* and *Rand* v. *U. S.*, 38 Fed. Rep. 666. In this district it has long been the practice of some commissioners to note the return of warrants and subpœnas in their dockets. The practice was very likely adopted in analogy with that of justices, who, by the laws of this state, are required to make such entries in dockets by them kept. For many reasons it seems desirable that a notation should be made in a commissioner's docket of the time warrants and subpœnas are returned. Authority for the allowance of such fees is to be found in subdivision 7 of section 847,[1] and subdivision 8 of section 828.[2] The charge made ($26.40) is hereby allowed.

*Sixth.* A controversy next arises over several charges made by the commissioner for what he terms "certificates of attendance;" the whole amounting to $10.05. The phrase used by the commissioner to indicate the character of the service referred to is misleading. He really means by the phrase "certificate of attendance" a short statement indorsed by him on the back of complaints, after cases were disposed of, showing what action he had taken. It has never been the practice in this district, so far as I am advised, for commissioners to return into court a full transcript of their proceedings, as appears to be the rule in some districts. ' *Hoyne* v. *U. S.*, 38 Fed. Rep. 545. In lieu of a transcript, the original papers are returned, with a short statement indorsed on the complaint, showing what action was taken by the committing magistrate or officer. This is necessary to render the proceeding intelligible, and the charge made for the same at the rate of 15 cents per folio is reasonable, and, in my opinion, ought to be allowed. *Hoyne* v. *U. S., supra.* I accordingly allow the charge of $10.05.

*Seventh.* I see no reason to question the legality of the various *per diem* fees claimed by the commissioner, amounting to $35 in the aggregate, nor the legality of the fees claimed in the cases of Charles F. and Christian Lautenschlager, amounting to $6.60. These items are accord-

[1] Rev. St. U. S. § 847, provides, (commissioners' fees:) "For issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services."

[2] Rev. St. U. S. § 828, provides, (clerks' fees:) "For entering any return, rule, order, continuance, judgment, decree, * * * or making any certificate, return, or report, for each folio, fifteen cents."

ingly allowed. The *per diem* fees were disallowed, as it seems, because the comptroller was of the opinion that certain sessions held by the commissioner were unnecessary. An investigation of the facts, satisfies me that no more sessions were held than were reasonably necessary to dispose of the business pending before the commissioner in a judicial manner. In the Lautenschlager cases it seems that the commissioner's fees were disallowed because these cases might have been prosecuted jointly with another case of the same character. It does not appear to have been the commissioner's fault, however, that more complaints were filed than were really necessary. The district attorney appears to have directed the method of prosecution by several complaints, instead of one. As no more than legal fees are demanded, they must be allowed. *Barber* v. *U. S.,* 35 Fed. Rep. 888.

*Eighth.* The last item in the account necessary to be mentioned is a claim for $126.80 for drawing affidavits qualifying 317 supervisors of election, and administering oaths to such persons; the sum claimed in each instance being 40 cents. The plaintiff was not the chief supervisor of elections for this congressional district, but appears to have rendered the services in question at the request of the chief supervisor, who was at the time disabled by sickness. If any statute clearly provided that the United States should pay the expenses of supervisors of election incurred in qualifying for the discharge of their duties after their appointment, I should have little hesitation in holding that the government was liable for the services in question. But I can find no such law. Section 2031,[1] to which my attention was called, does not seem to me to imply that the government will, and certainly it does not in terms declare that it shall, pay such expenses. When persons are appointed to office, I believe, it is usual for them to qualify at their own expense. If congress intended that such expenses of supervisors of election should be borne by the government, the intent ought to have been more clearly expressed. I am constrained to hold that the service in question was rendered for the supervisors, and not for the government. The item of $126.80 is therefore disallowed. Deducting the amounts heretofore disallowed, aggregating $165.30, from the sum sued for, ($371.75,) the balance due is $206.45, for which judgment will be entered.

[1] Rev. St. U. S. § 2031, provides for the allowance of compensation to supervisors of elections.