Scofield, J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the middle district of Alabama, from January 18, 1886, to June 30, 1886; during that time he kept a docket, as required by the court, in which he entered proceedings in each case heard by him. The docket fees amounted to $83.
In the case of Wallace v. The United States (20 C. Cls. R., 273) this court held that a commissioner, Under entirely similar circumstances, was entitled to charge docket fees. The case was appealed to the Supreme Court and affirmed (116 U. S. R., 398).
The defendants concede that the claim falls within these rulings. The only question raised is whether payment is prohibited by the proviso in the act of August 4, 1886, “ making *26 appropriations to supply deficiencies for the fiscal year ending June 30, 18S6, and for prior years, and for other purposes’7 (24 Stat. L., 274). The appropriation and proviso are as follow:
“ Fees of commissioners : For fees of commissioners and justices of the peace acting as commissioners, fifty thousand dollars : Provided, That for issuingany warrant or writ and for any other necessary service commissioners may be paid the same compensation as is allowed to clerks for like services ; but they shall not be entitled to any docket fees.”
It will be observed that the law was passed after the fees were earned, and does not therefore prohibit payment, unless held to be retroactive.
The rule of construction applicable to such statutes is concisely stated by Justice. Miller, of the Supreme Court, while presiding at the circuit in the case of Schench v. Peay (1 Woolworth’s B.., 175), as follows:
“ When we are called upon to construe statutes claimed to be retroactive, the rule is firmly settled that we can only give them that effect when there is something on their face putting it beyond doubt that the legislature so intended'; or, to express it in other words, the legislature must have expressly declared the statute to be applicable to past transactions, or the intent must appear by an unavoidable implication.”
In this case the statute does not “ expressly declare that it is to be applicable to past transactions,” nor does such “ intent appear by an unavoidable implication.”
It may well be inferred that docket fees, already earned, are not to be paid out of this particular appropriation; but certainly that does not make the proviso retroactive.
Judgment will be entered for the claimant in the sum of $83.