Nott, Ch. J.,
delivered the opinion of the court:
The Revised Statutes (sec. 847) recognized the necessity of commissioners keeping dockets and prescribed docket fees.
The Supreme Court in the case of United States v. Van Duzee (140 U. S. R., 169) decided that these fees were exclusive; that is to say, that the docket fee of $1 or of $2 or of $3 excluded additional compensation for making docket entries.
By the Act 4th August, 1886, Congress abolished docket fees. Faris's Case (23 C. Cls. R., 374).
If the history of the law stopped at this point, it might be said that the docket fees of $1, $2, or $3 prescribed by the Revised Statutes were a commutation for the services involved in keeping a docket, and that when Congress abolished commutation for fees it abolished fees for the services covered by the commutation fee. But the Supreme Court, in *575 United States v. Allred (155 U. S. R., 591), decided that fees for actual services in making entries in dockets are recoverable — i. e., the Supreme Court decided that a commissioner is entitled to compensation for making entries in his docket, and that this compensation consists of the fees prescribed by other provisions of law for services of a similar character, to wit, 15 cents per folio.
It is manifest, therefore, that the Supreme Court necessarily decided that fees for specific services in making entries upon a docket were not forbidden by the act 4th August, 1886. That statute, in the judgment of the Supreme Court, repealed the earlier by necessary implication, and (it must be inferred) did nothing more. The law stands, consequently, as if there had never been a provision in the Revised Statutes prescribing docket fees of $1, $2, or $3.
The statute allowing such docket fees and the statute repealing it being both out of the way, the remaining question, which has been raised by the defendants, is whether there must be a preexisting rule or order of a court requiring a commissioner to keep a docket.
That question was presented in Knox's Case (23 C. Cls. R., 367) while the docket fees of the Revised Statutes still existed, and this court decided that there need not be; and the judgment in the case was affirmed by the Supreme Court (128 U. S. R., 367).
It is true that in the Allred Case, first above cited, there was a rule of court requiring commissioners to keep dockets, and it is true that in the syllabus of the case the reporter has used the words, “when required by rule of court.” That was good reporting; for it is not the province of a reporter to enlarge the scope of a decision by omitting an element which may restrict it. But the opinion of the court does not say so. It is based on the simple facts that the commissioner rendered a service, that the service was ápproved by the circuit court in its approval of his account, and that a statute existed which authorized payment for services of the same character. There is no peculiar efficacy in a rule of court where none is authorized by statute; a rule does not make law or restrict law; it is nothing more than the order or direction of a court reduced *576 to a convenient written form. It regulates practice; it does not confer rights. There is no law requiring the order of a court to these commissioners to be in the form of a rule; and the simple question in these fee cases is whether a clerk or commissioner rendered service by the direction of the court.' The Supreme Court fully recognizes this in its language in the Allred Case. The commissioners, it is said (p. 599), “so far as relates to their administrative action, were intended to be subject to the orders and directions of the court appointing them; ” and (p. 596) “what should be the measure of the requirements in each particular case must be left largely to the discretion of the court;” and where “the items in question were approved by the court they are presumptively correct.” By this last utterance it is not to be understood that the items are presumptively legal, but that, presumptively, the services were performed pursuant to the “ directions of the court. ”
The decision, therefore, of the Supreme Court in the Knox Case stands conclusive that a rule requiring a commissioner to keep a docket is not an essential prerequisite to his being paid for his services in keeping it; and the decision of the court in the Allred Case stands conclusive that a commissioner shall be paid for his actual services in keeping a docket; that is, for his entries therein, if the service was ordered by the court, or if it was directed by the court, or if the items for the services were approved by the court.
In this condition of the declared law by the highest tribunal, this court is not at liberty to say that a commissioner shall not be paid. If its decision in the Knox Case was erroneous the defendants should have procured its reversal by the Supremo Court. That they did not bring it to the attention of the Supreme Court indicates that they were then content with the decision; but it was a fact contained in the case, an item of recovery necessarily affirmed. In these small cases, where the defendants have an appeal and the claimant has none, this court can not be called upon to render its decisions so that they shall operate as a favor to one party or a denial of justice to another.
The judgment of the court is that the claimant recover of the defendants the sum of $452.25.