Howry, J.,
dissenting:
Congress did not intend to have a docket kept at public expense. There is no “docket fee” provided for in section 828 of the Revised Statutes, but a fee for “making dockets, indexes, issuing venire, taxing costs, and all other services on the trial or argument of a cause.” In Wallace v. United States (20 C. Cls. R., 273) this court held that a commissioner who had kept a docket, as required by the order of court, was entitled to charge docket fees. On appeal to the Supremo Court this decision was affirmed (116 U. S. R., 398). In Knox v. The United States (23 C. Cls. R., 367) it was held by this court that the docket fees provided by the Revised Statutes still existed. But that part of the action of this court which touches the issue raised here was not before the Supreme Court on the appeal for want of the necessary assignment of error. There is therefore nothing conclusive in the Knox Case at all (128 U. S. R., 367). The proviso to the act of August 4, 1886 (24 Stat. L., 274), was enacted for the purpose of cutting off all such fees for the future, and was the result of the decision in the Wallace Case. (Faris v. United States, 23 C. Cls. R., 374.)
The theory of the Allred decision (165 U. S. R., 291) is the preliminary rule of the court. That is, notwithstanding the proviso of the statute, if the court makes an order (under its inherent power to supervise the conduct of its officers) requiring dockets to be kept the entries should be paid for. It rests upon the rule requiring the service. (United States v. Van Duzee, 140 U. S., 169, 173.)
No precedent order of the court appears in this case, and where court officers seek to predicate a right of action for the recovery of fees on an order or rule of court it must be shown that such order or rule was made a matter of record. A verbal direction of the judge is insufficient, nor will the subsequent approval of the account after the services have been rendered be sufficient to charge the Government.
The proviso to the act of August 4, 1886 (24 Stat., 274), though embodied in an appropriation act, declared a permanent policy with respect to the compensation of commissioners, and when Congress abolished commutation for fees it *578 abolished fees for the services covered by the commutation fee. The language of the proviso is express that commissioners “shall not be entitled to any docket fees.”
The entries being prohibited by law, and the rule of the court not requiring the dockets to be kept, none of the items of expense, therefore, should be allowed under the statute, as interpreted by the court of highest authority.