Richardson, J.,
delivered the opinion of the court:
Three questions of law arise upon the findings in this case.
1. The claimant presented an account against the United States, for fees and disbursements as marshal, to a. United States district court in Alabama, and it was approved by said court under the following provisions of the statutes:
“Be it enacted, &c. [Section 1.] That before any bill of costs shall be taxed by any judge or other officer, or any account payable out of the money of the United States shall be allowed by any officer of the Treasury in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a United States circuit or district court, and in presence of the district *635 attorney or his sworn assistant, whose presence shall he noted on the record, prove in open court to the satisfaction of the court by his own oath or that of other persons having knowledge of the facts, to be attached to such account, that the services therein charged have been actually and necessarily performed as therein stated; and that the disbursements charged have been fully paid in lawful money, and the court shall thereupon cause to be entered of record an order approving or disapproving the account as maybe according to law and just. # # *
“ Nothing contained in this act shall be deemed in any wise to diminish or affect the right of revision of the accounts to which this act applies by the accounting officers of the Treasury, as exercised under the laws now in force.” (Act of February 22, 1875, ch. 95; Supplement to Eev. Stat., 145.)
The claimant contends that the approval by the court of the account of the marshal under that statute was a judgment of the court, and as such not subject to review by the accounting officers of the Treasury. We do not concur in that view of the law.
In our opinion the duty imposed upon the court of examining and approving or disapproving of accounts which are not to be taxed in cases pending therein, and are not chargeable to any fund within its control, but are payable out of the pubiic Treasury after review by the accounting officers, is not a judicial power the exercise of which constitutes the approval or disapproval a judicial determination of the rights of the parties. A similar question, almost identical with this in principle, was discussed in the case of The United States v. Ferreira (13 Howard, 40), and we understand the views there expressed in the opinion of the court to warrant the conclusion which we have reached on that point. (See also Gordon’s Case, 7 C. Cls. R., 1, and Langford’s Case, 101 U. S. R., 344.)
The statute having made such accounts, after ‘approval or disapproval, subject to revision by the accounting officers of the Treasury, in the ordinary processes of accounting the order of the court is only prima faeie evidence of the amount due thereon from the United States. That evidence may be rebutted by either party when the account is reviewed, either in the Treasury Department or by this court, in a suit brought upon it. (United States v. Smith, 1 Woodbury & Minot, 184.)
We hold, therefore, that the claimant’s approved account is not conclusive upon the defendants, but may be impeached for *636 any errors therein which appear from the facts found by this court.
2. On the part of the defendants it is urged that an error of $307.24 in the account is shown by finding III, in the approval by the district court of that sum for mileage and travel in serving subpoenas, when the claimant was allowed and paid by other items of the same account for all the actual and necessary travel performed by him, in the service of said subpoenas, at the same time with the service of other subpoenas for the United States, upon other and different witnesses named therein, in other cases in which the United States were parties.
This raises the question whether or not a marshal having two subpoenas from the same party in different cases to summon different witnesses who are found in the same place, and all are summoned at the same time, so that the marshal travels over the route but once in the performance of his duties in relation to both subpoenas, he is entitled to mileage for travel twice over the route, once for the service of each.
On this point opposite opinions have prevailed. The Solicitor-General, Mr. Phillips, advised the Secretary of the Treasury that the marshal was entitled to allowance for but one journey, the actual and necessary travel performed by him. (15 Opin., 108.) The Attorney-General, Mr. Deven s; on the contrary, advised the Secretary of the Treasury that the marshal in such cases was entitled to allowance to mileage for travel twice over the route, once in the service of each subpoena, and that it made no difference that he actually and necessarily made but one journey for both. (16 Opin., 165.)
The First Comptroller of the Treasury, in revising the account of the claimant now before us, held that he was entitled to mileage only for one travel or journey in Jboth cases, and he disallowed all but the actual and necessary travel performed.
We are of opinion that the Comptroller was right. The Be-vised Statutes, section 829, provides as follows :
“For travel, in going only, to serve any process, warrant, attachment, or other writ, including writs of subpoena in civil or criminal cases, six cents a mile, to be computed from the place where the process is returned to the place of service; or, when more than one person is served therewith, to the place of service which is most remote, adding thereto the extra travel which is necessary to serve it on the others. But when more than two writs of any kind required to be served in behalf of *637 the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of snch writs; and to save unnecessary expense it' shall be the duty of the clerk to insert the names of as many witnesses in a cause in such subpoena as convenience in serving the same will permit.”
If this were the only provision on the subject we might hold otherwise, since the case now under consideration is not one of those in which a marshal is prohibited from charging two journeys where only one is actually performed. But since the passage of the Revised Statutes, and before the claimant’s services were rendered, Congress further limited the rights of marshals as well as of attorneys, clerks of courts, their assistants and deputies, in their charges for travel, by enacting as follows:
June 16,1874, chapter 285, section 1, proviso in sixth paragraph:
u Provided, That only actual traveling expenses shall be allowed to auy person holding employment or appointment under the United States, and all allowances for mileage and transportation in excess of the amount actually paid are hereby declared illegal, and no credit shall be allowed to any of the disbursing officers of the United States for payment or allowances in violation of this provision.” (1 Supplement to Rev. Stat., 37.)
February 22, 1875, chapter 95:
“Sec. 7. That the proviso in the sixth paragraph of the act entitled ‘An act making appropriations for the support of the Army for the fiscal year ending June thirtieth, eighteen hundred and seventy-five, and for other purposes,’ approved June sixteenth, eighteen hundred and seventy-four, shall not be construed to apply or to have applied to attorneys, marshals, or clerks of courts of the United States, their assistants or deputies. * * *
“And from and after the first day of January, 1875, no such officer or person shall become entitled to any allowance for mileage or travel hot actually and necessarily performed under the provisions of existing law.” (Supplement to Rev. Stat., 147.)
This last act does something more than declare that the proviso in the sixth paragraph of the act of 1874 shall not apply to attorneys, marshals, and clerks of courts, their assistants or deputies. It does that, but instead of leaving the fees of those officers for travel to be governed wholly by the provisions of the Revised Statutes, it goes on to further (regulate them by *638 expressly enacting that no such officer or person shall become entitled to any allowance for mileage or travel not actually and necessarily performed under the provisions of existing law.
In our opinion, this latest enactment of Congress was intended to apply to just such a case as this, among others, and that it effectually prevents marshals from charging mileage for more than one journey, that is, for travel not actually and necessarily performed, when they serve two or more subpoenas for the same party upon different persons at the same time and place, and make but one journey for the service of both or all. .
How it would be when they serve subpoenas for different parties at the same time and in the same manner we express no opinion, because that, question is not involved in the controversy now before us.
The claimant has, therefore, no cause of action for his charges for travel which the Comptroller rejected.
3. Since the former trial the facts upon which the fourth finding is based have been proved to be quite different from what we understood them at that time. The warrant of commitment put in evidence by both parties is not the same on this trial as it was on the former hearing, and the difference is material both in form and substance. The fourth finding as it now appears presents this branch of the case for our determination of the law ax>plicable thereto.*
It is urged, on the part of the defendants, that, by finding IV, an error of $1,028 is shown in the account approved by the district court for the service of warrants of commitment, at $2 each, charged by the claimant under the following provision of the Eevised Statutes, section 829, in relation to marshal’s fees:
“ For service of any warrant, attachment, summons, capias, or other writ, except execution, venire, or a summons of sub; poena for a witness, two dollars for each person on whom serv-' ice is made.”
In support of this objection, notwithstanding that provision of the statute, it is contended that no warrants were necessary in the cases in which they were issued, and for the service of *639 which these charges are made; that the prisoners should have been remanded on the order of the commissioner; and that each warrant, whatever be its form, must be considered merely as such order, for which the marshal is prohibited from charging any fee, by the terms of the following provision of section 1030 of the Eevised Statutes:
“No writ is necessary to bring into court any prisoner or person in custody, or for remanding him from the court into custody; but the same shall be done on the order of the court or district attorney, for which no fee shall be charged by the clerk or marshal.”
The claimant contends that the commitment of prisoners upon warrants of the commissioner in these cases was not a remanding, within the meaning of that section, but was a necessary proceeding in conformity with the law and practice of Alabama, which he claims are adopted for the United States courts by Eevised Statutes, as follows :
“ Sec. 1014. For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior co^t, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate of any State where he may be found, and agreeably to the usual mode of process against offenders in such States, and at the expense of the United States, be arrested and imprisoned or bailed, as the case may be, for trial before such court of the United States as by la.w has cognizance of the offense.”
*
The code of Alabama of 1876, which the claimant contends controls the proceedings of the Federal courts in that State, contains the following provision now in force:
“ Sec. 4673. When a defendant is brought before a magistrate under a warrant of arrest for examination, such magistrate may adjourn the examination from time to time as may be necessary, not exceeding ten days at one time, without the consent of the defendant, and to the same or a different place in the county; and in such case, if the defendant is charged with a capital offense, he must be committed to a jail in the mean time; but if the offense is not capital he may give bail in such sum as the magistrate directs for his appearance for such further examination, and for the want thereof must be committed; and on the day to which the examination was adjourned he may be brought before the magistrate by his verbal *640 order to the same officer who had charge of him, or by an order in writing to ■ a different person, if the custody has been changed.”
It is by no means clear that this provision of the law of Alabama requires a temporary warrant of commitment to be issued upon the adjournment of a case against a prisoner brought before the commissioner on a warrant of arrest. It does not in terms so provide, and unless the prisoner could not be held on the original warrant of arrest from day to day until discharged the statute would not seem to make any other warrant necessary.
Bishop, in his work on Criminal Procedure (Vol. I, p. 216), upon authorities there cited, thus states the rights and duties of an officer as to holding a prisoner whom he has in his custody on a warrant of arrest as follows:
“When the prisoner, says Chitty, is brought before the justice, he is still considered to be in the custody of the officer until he has been either discharged, bailed, or committed to prison. The officer may keep his warrant for jais own justification, and need only return to the justice what he has done in pursuance of his commands.”
But even if the statute of Alabama does alter this general rule of law for that State, it cannot control an express provision of a law of Congress in relation to proceedings in the Federal courts. The requirement of Eevised Statutes, § 1014, that for any crime or offense against the United States the offender may be arrested and imprisoned, or bailed, in the State where he is found, “ agreeably to the usual mode of process against offenders in such State,” we understand to apply to such procedure and processes only as are not differently provided for by the Federal statutes. It was not the intention of Congress, we think, to make an express provision in relation to a course of proceedings before the United States courts and then allow each State to change it at pleasure. (Wear v. The Mayor, 6 Fed. R., 660.)
By Eevised Statutes, § 1030, Congress had declared that “no writ is necessary to bring into court any prisioner or person in custody, or for remanding Mm from the court into custody ; but the same shall be done on the order of the court or district attorney, for which no fee shall be charged by the cleric or mar *641 shal,” and this is the rule for all United States courts and commissioners.
In the present case the marshal had the prisoners before the commissioner upon warrants of arrest, on the authority of which it was his duty to hold them until bailed, discharged, or bound over to a higher court. If the hearing was adjourned from one part of the day to another part, or to the next or any succeeding day, the commissioner had but to remand the prisoners with directions to the marshal when to reproduce them in court; and for this the statute declares that no writ is necessary. It might have been done, and should have been done by an order of the court or district attorney, for which no fee could be charged by the marshal.
The commissioner is not absolutely prohibited from issuing warrants of commitment, but when he does so it must still be regarded as a remanding within the meaning of the provisions of Revised Statutes § 1030, and'the consequences of that section will apply; one of which is that the marshal shall charge no fee on account of it.
Where special reasons exist why a warrant of commitment should be issued to the marshal and the jailor for the purpose of having the prisoner actually committed to jail, as was the case in the trial of Aaron Burr, cited by the claimant (1 Burr’s Trial, 351, 358, 359), and as is frequently the case where the marshal has no sufficient conveniences for the safe-keeping of prisoners outside of a jail, and a commitment to prison is actually made it would seem not to be a simple case of remanding, and for the services of such a warrant by actual commitment the marshal might charge his fee. But that is not the case of the claimant, and he has no cause of action for the service of the warrants upon which his demand is founded.
On the whole case we are of opinion that the Comptroller was right in rejecting the claims, and the petition must be dismissed and judgment will be so entered.

 There had been, a previous trial Of this case at the same term. But the findings of fact filed as the result of the first trial were set aside and a new trial granted in which the facts above set forth were filed.