Scofield, J.,
delivered tbe opinion of tbe court:
Tbe claimant is now, and bas been since 1879, commissioner of the Circuit Court of tbe United States for tbe southern district of Cbio.
In rendering bis accounts for tbe years 1883, 1884, and 1885, as sucb commissioner, be charged, among other fees, $5 a day for a certain number of days in bearing and deciding on criminal charges. When tbe accounts were presented for payment at tbe Treasury Department the charge for twenty-nine days was rejected by tbe accounting officers, because it appeared that upon those days no witnesses were beard and no complaints finally decided. ’
Tbe only question involved in tbe case is whether tbe claimant should be allowed a fee of $5 a day for any or all of these twenty-nine days. Tbe law controlling it is found in section 847 of the Eevised Statutes, and is in these words:
“ For bearing and deciding on criminal charges, $5 a day for tbe time necessarily employed.”
In tbe Treasury Department this is not a new question.' In 1866 a case involving tbe question was submitted to tbe Secretary of tbe Interior for bis decision. At that time be bad supervisory power over sucb accounts. (9 Stat. L., 395; Waters’ Case, ante, 30.) An opinion was given by tbe Assistant Secretary, in which be held that “ the terms bearing and deciding embrace tbe commissioner’s acts and rulings in tbe case, as well as tbe trial and determination of tbe issues of tbe facts, in tbe technical sense of those words.”
*58 The accounting officers appear to have followed this rule in settling such accounts until 1883, when a more rigid rule was adopted, under which the claimant’s account was rejected.
If the rule of the Assistant Secretary of the Interior can be construed to allow tliefive-dollarfeefor every day in which any act was done, clerical and ministerial, as well as judicial, or for which a special fee is otherwise provided by law, we think it is too broad.
If the new rule of 1883 denies the five-dollar fee for days in which acts are done requiring investigation, the hearing of counsel, deliberation, and decision, although upon points and questions preceding the hearing of evidence and final decision of the issue, we think it is too narrow.
Without intending to lay down a rule which should govern all cases, the court is of opinion that acts merely clerical, or for which special fees are allowed, should not entitle the commissioner to the daily compensation ; but acts upon which counsel ought to be heard, if desired, which necessitate some investigation and decision, such as determining whether the complaint is of a nature to constitute an offense for which the party can be criminally held, whether a continuance should be granted when required by one of the parties, and in such case the amount and sufficiency of bail, come within the terms “for "hearing and deciding on criminal charges,” and the daily compensation should be allowed.
By an examination of the facts in this case it appears that upon each of the twenty-two <ffiy*s the party charged was brought before the commissioner, arraigned, plea entered, amount of bail determined upon, bail given, or in default of which the party committed and the case continued to another day.
On the other seven days nothing appears to have been done by the commissioner except to note the name of the defendant and the nature of the complaint. This merely clerical act cannot be considered as “ hearing and deciding on criminal charges” within the meaning of the law.
The duties performed on the twenty-two days involved the hearing of counsel, the partial investigation of the charges, deciding the propriety of a continuance, and the amount and sufficiency of bail. The proper discharge of these duties, in the opinion of the court, entitles the commissioner to the fee pre *59 scribed “ for bearing' and deciding on criminal charges.” (9 Opinions, 170; Wallace’s Case, 20 C. Cls. R., 273, affirmed by the Supreme Court, 116 U. S. R., 398; Waters’ Oase, ante, p. 30, and Jones’s Oase, ante, p. 1.)
Judgment will be entered in favor of the clamant for $110.
At a subsequent day iu the term, the Treasury Department having made a supplemental return showing that the services performed by the claimant on the seven days disallowed in the above opinion were of the same character as those performed on the other twenty-two days, the above judgment in favor of the claimant for $110 was set aside and a new judgment entered in his favor for $145.