Scofield, J.,
delivered the opinion of the court:
From July 1,1880, to December 31,1886, the claimant was a commissioner of the Circuit Court of the United States for the western district of North Carolina. His account for services during this time, having been properly made out and duly approved by the court, was presented to the accounting officers of the Treasury for payment. Part of the account was allowed and paid, but the items set out in Finding III, amounting in all to $2,504.90, were disallowed. This suit is brought for their recovery.
A commissioner is entitled to charge only such fees as are-prescribed in the statute for such services as he is required or authorized by law to render.
Section 847 of the Eevised Statutes prescribes commissioners’ fees as follows •
“For administering an oath, 10 cents.
“ For taking an acknowledgment, 25 cents.
“ For hearing and deciding on criminal charges, $5 a day for the time necessarily employed.
“ For attending to a reference in a litigated matter, in a civil cause at law, in equity, or. in admiralty, in pursuance of an order of the court, $5 a day.
“ For taking and certifying depositions to file, 20 cents for each folio.
*474 “For each copy of the same furnished to a party on request, 10 cents for each folio.
“For issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services.”
The fees for clerks are prescribed in section 828, but this reference to them does not enlarge the duties of the commissioner. If he chooses to render service which the law does not require of him he can not recover fees therefor, although a fee is prescribed for like service when rendered by a clerk.
Bearing these rules in mind we proceed to consider the several items of the claimant's account.
The first item is a charge for issuing twelve capias subpoenas, at 25 cents each, amounting to $3. The law authorizes this kind of service, and the fee-bill fixes the compensation. The payment is objected to, because the necessity of issuing the subpoenas does affirmatively appear. The account was sworn to by the claimant, submitted to the scrutiny of the district attorney and the judge of the court, and in the absence of evidence to the contrary it must be presumed that they were issued in good faith.
The second and third items, amounting to $7.95, are for entering returns of subpoenas in cases where the warrants were returned not executed, and it does not appear that anything was done with the subpoenas. We know of no law or rule which requires any such entry. Certainly it was of no use.
The fourth item is for a second day’s service in hearing and deciding on one criminal charge. The claimant has already been paid for one day, and it does not appear otherwise than by the account that more than one day was “ necessarily employed.” The presumption, nothing else appearing, would be in his favor, but when requested by the First Comptroller to explain why so much time was required, he made no answer whatever. His silence rebuts any favorable presumption that might otherwise arise.
The fifth item is for drawing recognizances of witnesses to appear before the commissioner in cases where the examination was adjourned from day to day. In such cases the witnesses are bound by the original subpoena to remain in attendance and no recognizances are required (Gilbert’s Case, ante).
The sixth item is a charge for drawing duplicate reports of *475 tbe attendance of witnesses, with orders to the marshal to pay. He has already been paid at the rate of two folios for each report, which it appears is all they contained. He is therefore entitled to nothing more.
The seventh item is for warrants to commit defendants to jail, pending examinations, which were adjourned from day to day. In Gilbert’s Case (ante) this court held that such temporary warrants were not required unless in exceptional cases, because by the original warrant the defendants remained in the custody of the marshal. The necessity of such temporary warrants, in exceptional cases, should be shown.
The eighth item, amounting to $2,068.10, is for issuing warrants, subpoenas, and for other services, in the arrest and examination' of parties charged with violation of the internal-revenue laws.
The only objection to these charges, as stated in writing by counsel for the Government, is that the proceedings were begun in violation of Buie 3 of the court. That rule is as follows-:
“Hereafter no warrant shall be issued by a United States commissioner for the arrest of a person charged with having violated any of the revenue laws of the United States upon the complaint of an unofficial person or a deputy marshal, unless the collector of customs, or of internal revenue, or a deputy collector, or at Treasury or revenue agent, shall have made and attached an affidavit to such complaint, setting forth that the affiant has carefully inquired into the alleged'offense; that it is such an offense as should be prosecuted, and, in his. opinion, there is probable cause for the arrest of the accused, and that he requests that warrant for the arrest of the accused be issued: Provided, That the district attorney is nevertheless authorized to institute prosecutions under the internal-revenue laws in such cases as he may approve in writing over his official signature, indorsed upon or accompanying the affidavit or complaint of any individual iirst duly sworn to before a United States commissioner and charging any defendant with a violation of said revenue laws.”
Upon the back of the complaints the district attorney made the following indorsement:
“The commissioner will issue a warrant on the within affidavit if, in his opinion, there is reasonable ground to believe the accused guilty.”
It is urged by the claimant’s counsel that Buie 3 is not binding upon the commissioner because the court was without au *476 thority to control bis discretion in the premises. It was adopted by the court at the request of the Attorney-G-eneral and the Commissioner of Internal Eevenue, in order to avoid alleged abuses of process by commissioners for the purpose of accumulating fees, and was doubtless, if valid, a very wholesome restraint. We do not feel called upon in this case to pass upon its validity; because we hold that the indorsement on the back of the complaints was a substantial compliance with the proviso of the rule.
The charges in the ninth item are for drawing separate recognizances for witnesses to appear at court where only one was required. All the witnesses, as far as it appears, might have signed one paper. The claimant has already been paid for one recognizance. The additional charges are for services which the law, under the evidence, did not require.
The tenth item consists of charges for making copies of process in cases where the defendants were discharged by the commissioner. Section 1014, of the Eevised Statutes, under which these charges were made, provides that—
“For any crime or offense against the United States the offender may, by any * * * commissioner of a circuit court * * * and at the expense of the United States be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk’s office of such court, together with the recognizance of the witnesses for their appearance to testify in the case.”
This section only requires copies of the process and recognizances of witnesses to be sent up when the offenders have been imprisoned or bailed for trial before the court. When no offenders have been imprisoned or bailed, and no witnesses recognized to appear, no copies of proceedings are required.
Under these rulings of the court the claimant is entitled to recover $2,071.10, and judgment will be entered accordingly.