Nott, J.,
delivered the opinion of the court:
These actions are brought by United States commissioners to recover docket fees under the Revised Statutes (§§ 828, 847) in proceedings before them as sitting magistrates. Some of these fees were for docket entries in ordinary cases, and are not contestedthe remainder were for docket entries in internal-revenue cases, and they form the subject of controversy. There is no dispute as to the service having been rendered, and it is now settled that in ordinary cases a commissioner is entitled to docket fees. (Wallace’s Case, 20 C. Cls. R., 273; 116 U. S. R., 398.) The right to these particular docket fees is controverted by the defendants, as it was by their accounting officers, upon the specific ground that warrants were issued and proceedings instituted contrary to a rule of the Circuit Court.
That rule has been a subject of consideration heretofore, and is set forth in extenso in Davies’s Case (23 C. Cls. R., 468, 475). Its purpose is to prevent frivolous and vexatious arrests under internal-revenue laws and proceedings which result only in the harassment of the citizen and the waste of the money of the Government. Accordingly, it forbids the issuance of warrants “upon the complaint of an unofficial person or a deputy marshal, unless the collector of customs or of internal revenue, or a deputy collector, or a Treasury or revenue agent shall have made and attached an affidavit to such complaint,” setting forth that it is an offense which “ should be prosecuted,” and that “ in his opinion there is probable cause for the arrest,” with a proviso that the district attorney is “ nevertheless authorized-to institute prosecutions” “in such cases as he may approve.” It is conceded that in these cases now before the court no collector, deputy collector, or revenue agent countenanced the arrest, and that the attorney did not indorse the complaints nor authorize the prosecutions.
The argument in these cases proceeds on the assumption of fact that the rule had been adopted in the third circuit. As the *484 Attorney-General, tbe chief legal adviser of the Government, and the Commissioner of Internal Revenue, the head of this department of the public finances, had requested the adoption of the rule by all circuit and district courts, it was naturally supposed that all had adopted it. The record, however, discloses the fact thatit was not adopted in the third circuit. It is, moreover, conceded by the counsel for the defendants that the district attorney did not disapprove tbe issuing of the warrants or intimate in any way to the commissioners the disinclination of the Government to prosecute.
It is therefore manifest that the question of law which was presented by counsel is not involved in the case.
A request made by the Attorney-General to the circuit and district courts asking for the adoption of a rule of court which should operate as a restraint upon the prosecution Of a certain class of offenses, followed by no actiori on the part of the court and by no specific instructions to district attorneys on the part of the Attorney-General, is too incomplete a transaction to be taken as a refusal on the part of the Government to prosecute those cases, and certainly can not be extended to the magistrate, who was allowed to proceed precisely as if the request had never been made.
There being, then, nothing whatever to distinguish these from all other cases before the commissioners coming under the decision in Wallace’s Case, it is not perceived why judgment should not be for the claimants.
Upon the question argued whether the rule of the court would be obligatory upon the commissioners, and whether the disapproval of a complaint by a district attorney would absolve the Government from costs, the court expresses no opinion.
The judgment of the court is that the. claimant recover of the defendants the sum of $309.
Judgment was at the same time entered in the case of Whitehead for $236, and in the case of Cassady for $38.