Scoeield, J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the western district of North Carolina from October 20, 1885, to June 30, 1887. His accounts for services during this time having been properly made out and duly ajn proved by the court, were presented to the accounting officers *5 of tbe Treasury for payment. Part of the accounts were allowed and paid, but the four items set out in Finding II were either disallowed or suspended for explanation.
Item, 1, amounting to $701.40, is for issuing warrants, subpoenas, and for other services, in the arrest and examination of parties charged with violation of the internal-revenue laws.
The only objection to these charges, as stated by counsel for the Government, is that the proceedings were begun in violation of ltule 3 of the court. That rule is as follows:
“Hereafter no warrant shall be issued by a United States commissioner for the arrest of a person charged with having violated any of the revenue laws of the United States upon the complaint of an unofficial person or a deputy marshal, unless the collector of customs, or of internal revenue, or a deputy collector, or a Treasury or revenue agent, shall have made and attached an affidavit to such complaint, setting forth that the affiant has carefully inquired into the alleged offense; that it is such an offense as should be prosecuted, and, in his opinion, there is a probable cause for the arrest of the accused, and that he requests that warrant for the arrest of the accused be issued: Provided, That the district attorney is nevertheless authorized to institute prosecutions under the internal-revenue laws in such cases as he may approve in writing over his official signature, indorsed upon or accompanying the affidavit or complaint of any individual first duly sworn to before a United States commissioner, and charging any defendant with a violation of said revenue laws.”
Upon the back of the complaint the district attorney made the following indorsement:
“ The commissioner will issue a warrant on the within affidavit if, in his opinion, there is reasonable ground to believe the accused guilty.”
No other objection is made by the counsel for the defendants to any portion of these charges.
The same question arose in Davies’s Case (23 C. Cls. R., 408), in which the court said:
“It is urged by the claimant’s counsel that Pule 3 is not binding upon the commissioner because the court was without authority to control his discretion in the premises. It was adopted by the court at the request of the Attorney-General and the Commissioner of Internal Revenue, in order to avoid alleged abuses of process by commissioners for the purpose of accumulating fees, and was doubtless, if valid, a very wholesome restraint. We do not feel called upon in this case to *6 pas.", upon its validity; because we bold that the indorsement on the bach of the complaints was a substantial compliance with the proviso of the rule.”
The court adheres to this ruling.
Item 2 consists of charges for making and sending up to court copies of process under section 1014 of the lievised Statutes, in cases where, by rule of court, the original papers were required. In compliance with the rule of court the claimant sent up the original papers, for which he has charged and been paid the legal fees. He also made and'sent up copies of the same papers, and now claims compensation for this additional service.
In Ravesies’s Case (23 C. Cls. R., 299), where the same question was involved, the court said:
“ The claimant is allowed but one fee for the same service in substance; and as he is not allowed for returning the original papers, if lie makes copies under the requirements of section 1014 he is allowed for that service. A commissioner has a right to do in the discharge of his official duty whatever the law requires, and is entitled to charge whatever the law allows for such service; and the fact that he does something else, amounting in substance to the same thing, if for the latter service he gets no pay, he will not be deprived of his compensation for what the law requires him to do.”
The majority of the court is of the opinion that this item should be allowed.
The question involved in Item 3 is whether in cases where one acknowledgment is taken from a defendant and his surety in the same proceeding to appear at court at one and the same time, the commissioner is entitled to a single fee or as many fees as there are persons joining ip the single acknowledgment. The accounting officers held that the commissioner is entitled to only one fee for one acknowledgment, although several persons are joined in it.
Although the question is not free from doubt, the court is not disposed to disturb the practice of the Treasury Department.
A question somewhat analogous to this was decided in Davies’Case (23 C. Cls. R., 468), where the court says :
“ Separate recognizances for witnesses to appear at court in the same case are not required. All may be joined in one.”
*7 The fees embraced in Item 4 are for warrants issued for the arrest of several parties who it is alleged were charged with committing the same offense and should have been joined in one warrant. To enable the Comptroller to intelligently pass upon the case, he required the claimant to explain why the parties were not joined in one suit; and pending the reply suspended the consideration of the case. The claimant made no reply to the Comptroller, nor has he furnished to the court any evidence from which the fact in dispute can be settled.
In Davies’ Case, supra, it was held that when a commissioner lias charged daily pay for an unusual number of days in hearing criminal cases, and after a written request by the First Comptroller for an explanation of it, fails to explain the charge either to him or the court, it may be presumed to be an overcharge.
The rule laid down in that case is equally applicable to this. It is fair to the claimant' and' respectful to the accounting officers.
The judgment of the court is that the claimant recover on Items 1 and 2 $749.10, and that the claims for Items 3 and 4 be dismissed.