Scofield, <7.,
delivered the opinion of the court:
The claimant was a commissioner of the circuit court of the-United States for the western district of North Carolina from October 20,1885, to June 30, 1887. His accounts for services during this time having been properly made out and duly approved by the court, were presented to the accounting officers of the Treasury for payment. Part of the accounts were allowed and paid, but the charges set out in the several findings of the court were disallowed.
The first disallowed item of charges is for thirty-eight days-in attending to cases, at the rate of $5 a day, amounting to $190. Upon these days the only service rendered consists of an entry of the complaints upon the docket, arraignment and plea of the person charged, granting a continuance on motion, of one of the parties, fixing the amount of bail, and passing upon the sufficiency thereof.
The same question has been before the court in several cases. In Harper vs. The United States (21 C. Cls., 56) the subject was-carefully considered by the court and decided in favor of the claimant. The question was reconsidered in the Jones Case (post), and our former rulings were; there adhered to. -This-latter case, on appeal, was recently affirmed by the Supreme-Court. (134 U. S. R., 483).
*286 The second disallowed item of charges is for making and •sending up to court copies of process under section 1014 of the Revised Statutes, in cases where, by rule of court, the original papers were required. In compliance with the rule of court the claimant sent up the original papers, for which he has charged and been paid the legal fees. He also made and sent up copies of the same papers, and now claims compensation for this additional service. These charges amount to $67.20.
The same question arose in the case of Churchill v. The United States (ante.) In deciding the question in favor of the claimant in that case the court cited Ravesies’ Case (23 C. Cls., 299) which involved the same question and in which the court said:
The claimant is allowed but one fee for the same service in substance; and as he is not allowed for returning the original papers, if he makes copies under the requirements of section 1014 he is allowed for thatservice. A commissioner has a right to do in the discharge of his official duty whatever the law requires, and is entitled to charge whatever the law allows for such service; and the fact i hat he does something else, amounting in substance to the same thing, if for the latter service he gets no pay, he will not be deprived of his compensation for what the law requires him to do.”
Following the decisions in these two cases this item of charges should be allowed.
The third disallowed item of charges consists of fees for temporary warrants of commitment, where the hearing was adjourned from day to day. The warrants were executed by lodging the prisoners in the county jail. There were no conveniences for keeping them outside the jail, and the jailer refused, under decisions of the State court, to receive them without a warrant of commitment.
Adhering to the doctrine laid down in Turner’s Case (19 C. Cls. R., 629), Gilbert’s Case (23 id., 218), and Davies’ Case (23 id., 468), the court is of the opinion that the facts shown to exist in the pending cases bring them within the exception referred to in the cases cited. These fees amount to $30.
The fourth item of disallowed charges consists in part of fees for taking the acknowledgment of bail bonds. These bonds are drawn up in the usual form, conditioned for the defendant’s appearance at court, signed by the defendant and his *287 surety, and witnessed by the commissioner. In addition to-this bond, the claimant also took from the parties, with the same penalty and condition, a recognizance, which he calls an acknowledgment of the bond. The objection to allowing these fees is twofold. First, the law does, not require the bond to be acknowledged, nor does the acknowledgment add in any way to its validity. Second, the bonds were not, in fact, acknowledged. The alleged acknowledgments make no allusion whatever to the bonds. They are simply recognizances, entirely independent of the bonds, though requiring the defendant under the same penalty and conditions to appear at court.
Another question in the fourth item of disallowed charges is whether the claimant is entitled to feos for drawing affidavits to be signed by the defendant and his sureties, in order to prove their financial responsibility. This is a part of the defendant’s case. The evidence of his surety’s responsibility should be furnished by himself.
The fifth item of disallowed charges is composed of fees for drawing complaints, to be sworn to and signed by the prosecutor. This service is not required by laws of the United States, nor is it alleged that it is required by the laws of North Carolina for committing magistrates of that State. Under these circumstances the commissioner, acting in a judicial capacity, need not be consulted until the complaint is laid before him. Then he must determine whether it is of such a character as to authorize the issuing of a warrant of arrest.
The sixth item of disallowed charges is for noting on his docket the marshal’s return upon subpoenas and other process. The commissioner is allowed fees for issuing these papers and hitherto for keeping a docket, but no fee appears to have been prescribed for this brief notification.
The seventh item of disallowed charges is for filing in his office the final bail bonds. These bonds are to be- sent to and filed in the court; not in the commissioner’s office.
The eighth item of charges was disallowed by the accounting-officers on the ground that these cases should have been joined with certain other cases. By evidence taken in the court it appears that the offenses, although similar, were not the same; *288 nor were they committed at the same time. They could not therefore have been properly joined in the same proceeding.
The ninth item of disallowed charges is for making written notes of testimony taken by the commissioner under a rule of court and sent to the district attorney.
This item comes within the principleinvolved in the decision of the court in Ravesies’ Case (23 C. Cls. R., 299), by the allowance of the fees charged in Findings III and Y of that case (pp.. 300 and 301), and should therefore be allowed. .
The tenth item of disallowed charges is for drawing a bond, and also a recognizance conditioned under penalty for defendant’s appearance at court. The two papers together make three-folios, the bond making two and the recognizance one. The claimant can not charge for both. When a bond is taken a recognizance is neither required nor necessary. The claimant has. been allowed and paid for the bond, and is not entitled to more.
The eleventh item of disallowed charges is for making out witness pay-rolls for the use of the marshal, and charging at the rate of four folios each. He has been allowed and paid at the rate of two folios each. The findings show that the sample-pay-roll contains 268 words. Supposing all the pay-rolls contained the same number of words, the claimant would be entitled to claim $14.75 in addition to the amount already paid.
Judgment will be entered for the claimant in the sum of $355.10.