Soofield, J.,
delivered the opinion of the court.
Item 1. This item is made up of fees for issuing temporary warrants. That these warrants were properly issued is not satisfactorily shown. They appear to have been issued because the marshal handed his warrant to the commissioner on his first appearing before him with the prisoner, instead of retaining it and guarding the prisoner during the examination. The commissioner allowed this to be done, and issued a temporary warrant for the prisoner’s detention.
In defense of this practice the counsel for the claimant, in his printed brief, says :
“ When the marshal brings the prisoner before the commissioner, he makes his indorsement on and delivers the warrant of arrest to him. It then becomes a part of the records of his office, and is no longer in the possession of the marshal. If s the defendant can not give bail on a continuance, the commissioner issues a warrant of commitment to jail, and the jailer will not receive the prisoner without it.”
*157 Tliis court has several times decided tliat it is tbe duty of tbe marshal to bold tbe prisoner on bis original warrant while tbe examination is in progress. (Turner's Case, 19. C. Cls. R., 629; Gilbert’s Case, 23 id., 218; Davies’s Case, id., 468; Stafford’s Case, 25 id., 280).
There are exceptions to this general rule, some of which are noted in tbe eases cited. In Stafford’s Case it appears that tbe examinations were adjourned from day to day, that tbe marshal bad no convenient place for keeping tbe prisoners outside tbe jail, and that tbe jailer refused, under tbe decisions of tbe State courts, to receive them from tbe marshal without a special warrant of commitment. Upon this state of facts tbe court. said:
“Adhering to tbe doctrine laid down in Turner’s Case (19 C. Cls. R., 629), Gilbert’s Case (23 id., 218), and Da.vies’s Case (id., 468), tbe court is of opinion that tbe facts shown to exist in tbe pending case bring them [tbe temporary warrants] within tbe exceptions referred to in cases cited.”
No such facts are shown to have existed in tbe case at bar, and tbe charges in item 1 are disallowed.
Item 2. This is a charge for drawing complaints on which to base warrants of arrest. In disallowing tliis item we need only repeat what was said in ¡Stafford’s Case (25 C. Cls. R., 280):
“This service is not required by laws of tbe United States, nor is it alleged that it is required by tbe laws of North Carolina for committing magistrates of that State. Under these circumstances tbe commissioner, acting in a judicial capa city, need not be consulted until tbe complaint is laid before him. Then be must determine whether it is of such a character as to authorize tbe issuing of a warrant of arrest.”
Item 3. This charge, amounting to $.146, is for taking separate acknowledgments of principal and surety when both were present and made tbe acknowledgment at tbe same time. Tbe same question arose in Churchill’s Case (25 C. Cls. R., 1), in which tbe court said:
“Tbe question involved in item 3 is whether in cases where one acknowledgment is taken from a defendant and bis surety in tbe same proceeding to appear at court at one and tbe same time, tbe commissioner is entitled to a single fee or as many fees as there are persons joining in tbe single acknowledgment. Tbe accounting officers held that the commissioner is entitled to only one fee for one acknowledgment, although several persons are joined in it.
*158 “Although the question is not free from doubt, the court is not disposed to disturb the practice of the Treasury Department.
“A question somewhat analogous to this was decided in Davies’’* Vase (23 O. Cls. It., 408), where the court says:
“‘Separate recognizances for witnesses to appear at court in the same case are not required. All may be joined in one.’”
This item is disallowed for the reason there stated.
Item 4. For drawing order in duplicate in each case for the payment of witnesses for their attendance and mileage, 2 folios, at 15 cents per folio; attaching certificate to each, at 15 cents, $23.05.
The charges in each case were 90 cents, and the accounting officers allowed G5 cents in each case; the difference is now claimed.
In United States v. Jones (134 U. S. R., 483) the Supreme Court says:
“The approval of a commissioner’s accounts by a circuit court of the United States is prima facie evidence of its correctness, and, in the absence of clear and unequivocal proof of mistake on the part of the court, should be conclusive.”
No clear and unequivocal proof that the court mistook the number of folios in this, item of the claimant’s account has been presented, and the same is therefore allowed.
Item 5. For making copy of process to be sent up to court, where defendants were held for court, at 15 cents per folio, in excess of 6 folios, $38.35.
Thirteen folios were charged and only 6 allowed by the accounting officers, and the difference is now claimed.
This charge is allowed for the reason given for allowing item 4. .
Item 6. For making report of testimony of witnesses in various cases to the district attorney, as required by rule of court, at 15 cents per folio, $9.15.
In Gilbert's Case (23 C. Cls. R., 218), in deciding upon a like charge, the court said:
“The information sought would doubtless be of great advantage to the district attorney in preparing his cases for court. It would enable him to facilitate public business and avoid expensive and vexatious delays. But we find no law which re *159 quires the commissioners, at the request of the district attorney, to render this service or provides compensation for it when voluntarily performed.”
The court adheres to that decision, and disallows this item.
Item 7. For entering return of marshal on warrants and subpoenas placed in his hands for execution, 1 folio each, at 15 cents per folio, $105.90.
In Stafford's Case (25 C. Cls. R., 280) the court rejected such, fees with the remark—
“The commissioner is allowed fees for issuing these warrants and subpoenas and hitherto for keeping a docket, but no fee appears.to have been prescribed for such brief notations on his docket.”
We adhere to that ruling.
Item 8. For drawing affidavit of justification of sureties to bail bonds of defendants, at 15 cents per folio, as required by rule of court, $9.85.
In Stafford's Case (25 C. Cls. R., 280) the court held that evidence of the financial responsibility of a surety offered by the defendant should be furnished by himself. The charge is disallowed.
Item 9. For fees in case United States v. Geo. Hall, $6.25. The defendant was arrested on warrant of claimant November 27,1887, and brought before him. As witnesses lived nearest another commissioner the case was referred to him. The fees claimed are only for services performed by claimant.
This item should be allowed.
Item 10. For fees in cases where the writs were returned by the marshal “not executed,” “ defendant dodging,” $113.15.
This item is allowed. It was not the fault of the commissioner that the defendant was not arrested.
Item 11. For 83 days hearing and deciding on criminal charges in various eases where the services performed consisted of fixing the amount of bail, and if not tendered, committing the defendant to jail, at $5 per day, $415.
This item is allowed for the reason given in Harper's Case (21 C. Cls. R., 56) and Jones's Case (134 U. S. R., 483).
Judgment will be entered in favor of the claimant in the sum of $595.80.