## FLETCHER v. UNITED STATES.

(*Circuit Court, E. D. Arkansas, W. D.* February 25, 1891.)

1. **UNITED STATES MARSHAL—FEES—PURSUIT OF FUGITIVES.**
   Where a marshal, according to the practice in his district as allowed by the government, pursues into another district fugitives from justice, acts as witness in identifying the fugitives and making *prima facie* proof of their guilt, and arrests them as special deputy of the marshal of the other district, who relinquishes all claim for fees for such arrest, such marshal is entitled to compensation for his services in pursuing, arresting, and bringing back such fugitives, even though the practice of the department in that respect has changed since the services were rendered.

2. **SAME—MILEAGE.**
   Act Cong. Feb. 22, 1875, (18 St. 334,) which provides that no marshal shall be paid for travel not actually and necessarily performed, does not prevent a marshal from recovering mileage on each writ served, even though several writs are served on different persons at the same time and place. Following *Harmon* v. *U. S.*, 43 Fed. Rep. 560.

3. **SAME—PER DIEM—LEGAL HOLIDAY.**
   The fact that the 5th of July was generally celebrated as Independence day, the 4th falling on Sunday, does not disentitle a marshal to his *per diem* for attending court on that day, where the record shows that the court was open and transacted business.

4. **SAME—WRITS ISSUED BEFORE MARSHAL QUALIFIED.**
   Where writs issued before the marshal who served them qualified for office were turned over to him by his predecessor, under arrangement that he should have the

fees therefor, and the writs are served by him after he qualifies, he is entitled to fees for such service.

**5. SAME—PER DIEM—DOUBLE CHARGE.**
    Neither a marshal nor his deputy is entitled to a *per diem* for attendance before a commissioner on days for which he has received a *per diem* for attendance before the court.

At Law.

*U. M. & G. B. Rose* and *Fletcher & Ratcliff,* for plaintiff.

*C. C. Waters, Dist. Atty.,* and *S. R. Allen,* Asst. Dist. Atty., for the United States.

CALDWELL, J. This is a suit under the act of March 3, 1887, c. 359, (24 St. 505,) to recover $5,822.34, fees and disbursements alleged to be due the plaintiff as late marshal of this district, and which were either disallowed, or the allowance suspended, by the comptroller. The items of the account are very numerous, but they may be classed under a few heads.

1. A principal item of the account is $1,400 for 280 *per diems* on the Lord's day. The marshal resided at the place where the court was held. Upon an intimation from the court, in the progress of the trial, that it was not inclined to regard the claim with favor, the plaintiff dismissed his suit as to this item; and the court, therefore, expresses no opinion upon the question, which it is said is raised in a cause now pending in the supreme court.

2. The charge of $130.50 for expenses in endeavoring to arrest does not exceed $2 per day, the sum allowed by law, (section 829, cl. 18, Rev. St.,) for each day of endeavor. The proof shows that the services were performed, and that the expenses equaled the sum charged, and sometimes exceeded the $2 per day allowed by law.

3. Items for mileage amounting, in the aggregate, to $141.89, were disallowed or suspended by the comptroller on the ground that mileage was not charged by the shortest route. But the proof shows the route taken was the nearest practicable route at the time.

4. Charges for guard hire, amounting in the aggregate to $142.40, were suspended by the comptroller, on the ground that guards were unnecessary. The proof shows that the guards were actually employed and paid, and that they were necessary.

5. There are a good many charges in the account, amounting in the aggregate to $1,804.73, which are for services rendered by the marshal in pursuing fugitives from the justice of this district into other districts, and arresting and bringing them back to this district. These items are disallowed by the comptroller, on the ground that the marshal had no authority to arrest a prisoner in any district but his own. Technically that is true, but that is not all there is in the case. When one commits an offense against the United States in one district, and flees into another, he cannot be brought back to the district in which he committed the offense, for trial, without an order of the judge of the district in which he may be found. Before this order can be procured it must be made to appear to the judge that there are probable grounds to

believe the accused is guilty of the offense charged. It is true that if an indictment has been found, that is accepted as sufficient *prima facie* evidence, but in that case it may be necessary to have a witness to identify the accused. It was, therefore, the practice in this district for the marshal to deputize some one to go after the accused who could identify him, and, if need be, make the requisite *prima facie* proof of his guilt. The deputy-marshal acted in the double capacity of witness and marshal, and in this way saved the government the expense of sending a witness. When the order of removal was made the marshal of that district deputized the deputy-marshal from this district to execute the warrant of removal, at the same time executing a written relinquishment, exhibited to the court and attached to the accounts, of all claim against the government for fees for that service in favor of the marshal of this district. If the marshal of the district where the offender was found had any interest in the fees, this relinquishment operated as an equitable assignment of them to the plaintiff. The marshal in this matter followed the practice of his predecessors in office, whose fees and charges for like services and under similar circumstances were audited and paid by the department. The practice of the department was changed after the services sued for were rendered. The fees for these services have not been paid to any one, and the marshals of the districts in which the fugitives were arrested make no claim to them. On these facts the claim is justly due the plaintiff.

6. Numerous charges for mileage, in serving writs for the government, amounting in the aggregate to $1,565.19, were disallowed by the comptroller, on the ground that, where the marshal had two or more writs for service on different persons at the same time and place, he was entitled to mileage on one writ only. The district attorney relies on the act of February 22, 1875, (18 St. 334,) which provides that no marshal "shall become entitled to any allowance for mileage or travel not actually and necessarily performed under provisions of existing law;" and cites in support of his contention *Turner* v. *U. S.*, 19 Ct. Cl. 629; 15 Op. Attys. Gen. 108. But a sounder view of the law is expressed in 16 Op. Attys. Gen. 165, and in *Harmon* v. *U. S.*, 43 Fed. Rep. 560.

7. A charge of $23.34 for summoning jurors at one term, and of $50 for summoning at another term, are allowed. The statute allows the marshal for such service a sum not exceeding $50 for each term. The service was performed, and the fees equal the charge made.

8. A charge for a *per diem* on July 5, 1886, is disallowed by the comptroller for the following reason: "All over the country this day was celebrated as Independence day, the fourth occurring on Sunday, and it would seem that the court might have adjourned over that day." The patriotism of the comptroller is commendable, and his rhetoric good, but his law is very bad. The 5th day of July, when it falls on Monday, is not *dies non juridicus.* The record shows the court was open and transacted business on that day, and that the marshal was in attendance, as was his duty to be by law.

9. Items aggregating in amount $16 were disallowed because the service was supposed to have been performed before the plaintiff took the oath of office. The writs were issued before the plaintiff qualified as marshal, but they were not returned until after he had qualified. By an arrangement between the outgoing and incoming marshal, the incoming marshal was to have the fees earned on all the writs in the hands of the deputies at the date the office changed hands. Under this arrangement the plaintiff became entitled to these fees. The outgoing marshal makes no claim to them.

10. Numerous small items, aggregating $262.69, were disallowed or suspended by the comptroller for various reasons. The proofs show that the services were performed, that they were necessary, and that they were services for which the law allows the marshal the fees he has charged. These facts are conceded, and a more particular notice of the items is therefore unnecessary.

11. The marshal charges $102 for 51 *per diems'* attendance before a commissioner of the circuit court on days for which he charged and was paid for *per diem* attendance on the court. He cannot earn two *per diems* on the same day.

12. A charge of $36 is made for *per diem* of deputies attending before a commissioner of the circuit court on days when they attended and were paid as bailiffs to the court. They are not entitled to duplicate *per diems*.

13. There are a number of small items, aggregating $86.29. The services charged for, which go to make up these items, were not authorized by law. The plaintiff now admits this, which renders a particular statement of the items unnecessary.

14. Charges amounting to $11.50 for serving temporary warrants of commitment are disallowed. Section 1030, Rev. St. U. S.; *Gilbert* v. *U. S.*, 23 Ct. Cl. 218.

15. Clerical errors and duplications of account against the government, amounting to $19.63, are, of course, disallowed.

16. The law allows the marshal not exceeding $50 for serving *venires* at any one term. For the April term, 1886, he charged $25.18 in excess of this sum, which is disallowed.

The government has filed a set-off amounting to $1,072.58, which the plaintiff admits is just. The following is a statement of the account as found by the court:

| | | |
|---|---:|---:|
| Total amount claimed, | | $5,822 34 |
| By dismissal of claim for 280 Lord's day *per diems,* | $1,400 00 | |
| By amounts disallowed as stated above, | 280 60 | |
| By amount of set-off, | 1,072 58 | |
| | | 2,753 18 |
| Balance due plaintiff, | | $3,069 16 |

—For which let judgment be entered.