## UNITED STATES *v.* WALLACE.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 4, 1886.—Decided January 18, 1886.

Under the provisions of Rev. Stat. §§ 847 and 828, a commissioner of a Circuit Court who, by direction of the court, keeps a docket with entries of each warrant issued and subsequent proceedings thereon made on the day of occurrence, is entitled to a fee like that allowed to the clerk of the court for dockets, indexes, &c., although his docket entries may differ from those made by the clerk.

The judgment appealed from in this case was rendered in favor of the appellee, who was plaintiff below, for the sum of $1032, upon the following finding of facts reported by the Court of Claims :

I. The claimant, John H. Wallace, was a commissioner of the Circuit Court of the United States for the Southern District of Alabama from January 16, 1882, to November 22, 1883.

II. October 4, 1881, the Circuit Court of the United States for said district, in compliance with a request by the Attorney-General, made an order requiring, among other things, that each of the commissioners of said court should keep a docket, in which he should enter on the day the transaction should occur the issuance of each warrant, the name of the person upon whose complaint and request the same was issued, the nature of the offence, and the name of the officer to whom the warrant was delivered for service, together with the proceedings had under said warrant; that there should also be entered

therein the names of the witnesses present and examined and their fees, the name of the guard, if any, and his fees, and also the marshal's and deputy marshal's fees, together with the mileage and expenses allowed by law, and the said order was continued of force.

III. From the said January 16, 1882, to November 22, 1883, petitioner, as such commissioner, issued warrants in three hundred and seventy-six cases, in three hundred and twenty-eight of which issue was joined and testimony taken, and in forty-eight of which issue was not joined, the defendant was discharged, and no testimony taken, and he duly made his docket entries in each and in all of said cases as required by said order.

IV. His accounts for fees for keeping said docket were duly verified by oath, and presented to the said court, in presence of the district attorney, and approved by the court, and an order approving the same as being in accordance to law and just duly entered upon the records of the said court. In said accounts, as approved by the court, he was allowed a fee of $3 in each case where issue was joined and testimony taken, and $1 where issue was not joined and the defendant was discharged.

V. His accounts therefor were duly presented for payment to the accounting officers of the Treasury, together with the order of court approving the same, and payment thereof was refused by them.

*Mr. Solicitor-General* for appellant.

*Mr. Charles C. Lancaster* and *Mr. Charles E. Mayer* for appellee.

Mr. Justice Matthews delivered the opinion of the court. After stating the facts in the language reported above, he continued:

It is provided in § 847 Rev. Stat. regulating the fees of commissioners:

" For issuing any warrant or writ, and for any other service,

the same compensation as is allowed to clerks for like ser-
vices."

§ 828 Rev. Stat. provides that the clerk be allowed:

" For making dockets and indexes, taxing costs, and all other
services on the trial or argument of a cause where issue is joined
and testimony given, $3." And—" For making dockets and
indexes, taxing costs and other services in a cause which is
dismissed or discontinued, or where judgment or decree is made
without issue, $1."

It was not disputed by the accounting officers of the Treas-
ury Department, nor by the Solicitor-General in argument,
that the commissioner was legally bound under the order of
the Circuit Court to render the services charged for in keeping
the dockets required, nor that he is entitled to compensation
therefor. But it is insisted that he ought not to be allowed
the compensation demanded, because the services rendered in
keeping his docket are not in all particulars like services to
those rendered by clerks in keeping dockets, and that, conse-
sequently, his compensation is fully covered by paragraph 8 of
§ 828, which allows for making entries "for each folio fifteen
cents."

This view is met by the Court of Claims in the follow-
ing extract from its opinion:

"The phrase 'like services' does not necessarily mean identi-
cal with, for by such a construction the compensation allowed
to commissioner 'for any other service' would be defeated
because of the subject-matter of the duties of the commissioner
and the clerk being somewhat different; but the statute must
receive a reasonable construction, and where the service of the
clerk bears a substantial resemblance to the duty performed by
the commissioner, then, under § 847, the commissioner would
be entitled to the compensation allowed by law to the clerk, it
being in legal substance a 'like service.' "

The compensation of fifteen cents for each folio, supposed
to embrace this service, is given " for entering any return,
rule, order, continuance, judgment, decree, or recognizance, or
drawing any bond, or making any record certificate, return, or
report." · Clearly this service has no likeness to that of keep-

ing a docket, while the keeping of a docket by the commissioner is a like service to the keeping of a docket by the clerk, although the docket entries to be made by each may differ.

The judgment of the Court of Claims is

*Affirmed.*