PHILLIPS *v.* UNITED STATES.[1]

*(District Court, E. D. Pennsylvania.  December 20, 1887.)*

UNITED STATES COMMISSIONERS—DOCKET FEES.
    United States commissioners are impliedly authorized to keep a docket, and
    entitled to docket fees therefor.

At Law.

*Henry Hazelhurst,* for plaintiff.
*John K. Valentine,* U. S. Dist. Atty., for defendant.

BUTLER, J.  I find the following facts: The plaintiff is a commissioner
of the circuit court of this district, and has been during all the time cov-
ered by the claim.  From the beginning he has kept a docket in which
is entered the names of parties, and all proceedings in each case,—a
docket such as is kept by justices of the peace and similar magistrates.
It has been the uniform custom of commissioners in this district to keep
such dockets.  Nothing has been paid for the service, nor was any de-
mand made until April 23, 1887, when a claim was inserted in a
general account then presented.  The claim was not allowed.  Suit is
now brought under the statute of March 3, 1887, which confers juris-
diction over the subject on this court.

On the foregoing facts, and in view of the decision in *U. S.* v. *Wallace,*
116 U. S. 398, 6 Sup. Ct. Rep. 408, I think the plaintiff should recover.
I see no sufficient ground for a distinction between this case and the one
just cited.  It is true that in the latter the docket was kept under an order
of court, while here no such order was made.  The duties of commission-
ers are defined by statute, and I am not aware of any authority in the court
to increase or diminish them.  The duty of keeping a docket seems to
be a plain implication from the authority conferred to issue process and
hear cases.  The commissioner is a magistrate, similar in character to
justices of the peace and aldermen.  The latter magistrates are required
to keep dockets, not only by statute, but by force of common usage.  A
commissioner could not properly discharge his functions without keeping
a record of his proceedings.  I can, therefore, see no reason for a dis-
tinction as respects "docket fees" between commissioners who have kept
such a record under order of court, (granted that the order is authorized,)
and those who have performed the duty without such prompting.

Judgment will therefore be entered in plaintiff's favor for $255, the
sum due for services on this account rendered within six years.  The
balance of the claim is barred by the limitation named in the statute.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.