Richardson, Ch. J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the third judicial district of Washington Territory.
Between September 23, 1884, and October 6, 1885, there were brought before said commissioner, upon separate warrants issued by him, eight Chinese persons charged with being found unlawfully within the United States. Issues were joined and testimony taken and proceedings were had thereon in accordance with the provisions of the Act of July 5,1884 (23 Stat. L., ch. 220, pp. 117, 118), as follows:
“ Sec. 12. That no Chinese person shall be permitted to enter the United States by land without producing to the proper officer of customs the certificate in this act required of Chinese persons seeking to land from a vessel.
“And any Chinese person found unlawfully within the United States shall be caused to be removed therefrom to the country from whence he came, and at the cost of the United States, after being brought before some justice, judge, or commissiouer of a court of the United States and found to be one not lawfully entitled to be or to remain in the United States.
“And in all such cases the persons who brought or aided in bringing such person to the United States shall be liable to the Government of the United States for all necessary expenses incurred in such investigation and removal; 'and all peace officers of the several States and Territories of the United States are hereby invested with the same authority as a marshal or United States marshal in reference to carrying out the provisions of this act or the act of which this is amendatory, as a marshal or deputy marshal of the United States, and shall be entitled to like compensation, to be audited and paid by the same officers.
“And the United States shall pay all costs and charges for the maintenance and return of any Chinese person having the certificate prescribed by law as entitling such Chinese person to come into the United States who may not have been permitted to land from any vessel by reason of any of the provisions of this act.”
While the statute provides that the proceedings under that section shall be at the cost of the United States in the first instance, and imposes certain duties upon commissioners, it does . not fix any compensation for the performance of those duties. But it is not to be presumed to have been the intention of Congress that commissioners should give their time and services *121 for public purposes without pay. On the contrary, we are of opinion that when a statute requires the services of public officers who are paid exclusively by fees, such officers are entitled to compensation to be measured by the fees allowed by law in analogous cases, as far as applicable. It was substantially so advised by Attorney-General Cushing, in an opinion reported' in 6 Op. Atty. Gen., 58, 59, and cited with approval by this court in Wallace’s Case (20 C. Cls. R., 273). i
The present claimant made the same charges in these cases, under the Chinese immigration law, that he would be entitled to make for analogous services as commissioner under laws to which the general fee bill directly applies, the largest amount in any one case not exceeding $9.20.
All the items have been paid at the Treasury, except a fee of $3 in each case, charged for making dockets and indexes. The whole controversy is as to whether or not the claimant shall have judgment for $24 for docket fees in the eight cases mentioned in the findings.
Formerly there was much doubt as to the right of commissioners to docket fees under the general fee bill, and the Circuit Court, in passing upon the charges of the present claimant, under the provisions of the Act of February 22, 1875, chapter 95 (Supp. to Rev. Stats., 145), at first disapproved them, and subsequently changed its ruling and approved the accounts, including the charges for docket fees.
We regard that question now authoritatively settled in favor of the right of commissioners to that fee by the decisions of this court and the Supreme Court in Wallace Case (20 C. Cls. R., 273), affirmed on appeal (116 U. S. R., 398), and Knox Case (23 C. Cls. R., 367), affirmed on appeal (128 U. S. R., 230).
As the statute under which the claimant acted prescribed ne fees, it may be contended in the Supreme Court, if the case be appealed, that the measure of his right to recover depends upon the propriety of the service and the reasonableness of the charges, as matters of fact to be found by the court, and we have therefore added a finding to the effect that they were reasonable. On the subject of the propriety of a docket we quote from the opinion by Judge Scofield, in Knox Case, as follows:
“ Is it not the duty of every commissioner, independent of court orders, to preserve a short memorandum of proceedings *122 before him ? Otherwise he must carry the proceedings in his memory, and give them out to persons whose right and duty it is to know them ‘ according to his best recollection.’ Such memoranda of proceedings make up a docket. Such a memorandum or docket is certainly important if not indispensable for the orderly transaction of official business. To be sure, the ■commissioner’s office is not a court of record, but it is an office •in which a large amount of business is transacted which deeply ■concerns the welfare of individuals and the general public. It is very important that brief minutes of such business should be preserved,”
The judgment of the court is that the claimant recover the sum of $24.