## McKINSTRY *v.* UNITED STATES.

*(Circuit Court, S. D. Alabama. December 24, 1889.)*

**1.** STATUTES—CONSTRUCTION.
When the words of a statute prescribing compensation for a public officer are loose and obscure, and admit of two interpretations, they should be construed liberally in favor of the officer, and not strictly in favor of the United States.

**2.** UNITED STATES COMMISSIONER—FEES—STATEMENTS IN CRIMINAL CASES.
A commissioner of the circuit court must, in Alabama, begin a criminal case by a complaint sustained by sworn statements of the complainant and his witnesses; and, there being no specific fee provided therefor in the fee-bill, he may charge for such necessary statements as depositions.

**3.** SAME—ACKNOWLEDGMENTS TO RECOGNIZANCES.
The acknowledgments for which a fee is provided in Rev. St. § 847, embrace acknowledgments to recognizances in criminal cases as well as acknowledgments of conveyances.

**4.** SAME—DOCKET FEES.
The provision in the deficiency appropriation bill of August 4, 1886, (24 St. at Large, 256, 274,) denying docket fees to commissioners, is general legislation, and cuts off all right thereafter to claim docket fees.

On Motion for New Trial. See 34 Fed. Rep. 211.

The petitioner brought suit in the United States circuit court, S. D. Alabama, against the United States for fees due him from the United States as one of the commissioners of that court. The itemized bill sued on amounts to the sum of $1,823.45, and is the aggregate of several accounts which petitioner had made out, and which had been formally approved by the court and presented to the department, and upon which various sums had been allowed, amounting in the aggregate to $666.46, leaving as a balance due to the commissioner, disallowed fees, the sum of $1,156.99. On the trial of the case, the petitioner proved by his own testimony and documentary evidence that he had rendered the services for which he claimed fees, and upon this evidence the case was submitted. The court rendered an opinion with regard to the law of the case, and thereupon referred the matter to a special master, to report the state of the account in accordance with the opinion of the court. *McKinistry* v. *U. S.*, 34 Fed. Rep. 211. The master made report in accordance therewith, finding that for certain services rendered by the petitioner, as com-

---

[1]Reported by Peter J. Hamilton, Esq., of the Mobile bar.

missioner, he was entitled to the sum of $893.05, which was subject to a credit of $666.46, leaving a balance due the petitioner of $226.59. This report was confirmed by the court, and thereupon the court entered the following findings of fact and conclusions of law:

"This case having been heard by the court, the court, upon the evidence, finds the facts to be as follows:

### "FINDINGS OF FACTS.

"(1) The claimant, William D. McKinstry, was a commissioner of the circuit court of the United States for the southern district of Alabama on and before February 10th, 1887, and is now such commissioner.

"(2) That said commissioner actually performed the following services during the period covered by the accounts sued on, viz.:

| | |
|---|---:|
| 131 oaths to complaint, ea. 10c., and filing complaint, ea. 10c., | $ 26 20 |
| 130 warrants issued, ea. 1.00, and filing warrants, ea. 10c., | 143 00 |
| 2 warrants issued, ea. 1.00, but not filed, | 2 00 |
| 58 warrants filed only, ea. 10c., | 5 80 |
| 116 subpoenas issued, ea. 25c., and filing subp's, ea. 10c., | 40 60 |
| 16 subpoenas issued, ea. 25c., but not filed, | 4 00 |
| 55 subpoenas filed only, ea. 10c., | 5 50 |
| 76 days hearing and deciding crim'l charges, $5.00 per diem, | 380 00 |
| 324 oaths administered to witness on trial of cause, ea. 10c., | 32 40 |
| 156 bonds of defendants, drawing same, 4 fol., ea. 60c., | 93 60 |
| 32 oaths of justification to bonds, ea. 10c., | 3 20 |
| 195 certificates to witnesses for attendance, ea. 15c., | 29 25 |
| 195 oaths to witnesses as to travel and attendance, ea. 10c., | 19 50 |
| 191 copies of transcript of proceedings, 2 fol., ea. 20c., | 38 20 |
| 187 certificates to transcript of proceedings, 1 fol., ea. 15c., | 23 05 |
| 32 copies of process 4 fol., ea. 40c., | 12 80 |
| Making report for the month of March in duplicate, 12 fol., 15c., | 1 80 |
| Making report for the month of April in duplicate, 19 fol., 15c., | 2 85 |
| Making report for the month of May in duplicate, 49 fol., 15c., | 7 35 |
| Making report for the month of June in duplicate, 24 fol., 15c., | 3 60 |
| Making report for the month of July in duplicate, 24 fol., 15c., | 3 60 |
| Making report for the month of August in duplicate, 34 fol., 15c., | 5 10 |
| Making report for the month of Sept. in duplicate, 31 fol., 15c., | 4 65 |
| Total, | $893 05 |

"His said accounts for fees were duly verified by oath, and presented to the proper court and approved, and were duly presented for payment to the accounting officers of the treasury, and $666.46 allowed and paid thereon,

### "CONCLUSION OF LAW.

"Upon the said findings of fact the court decides, as conclusion of law, that the claimant is entitled to recover the sum of two hundred and twenty-six and fifty-nine one-hundredths dollars."

A motion for a new trial has been entered in the case, accompanied with the following stipulation of counsel:

"All findings against claimant in opinion 34 Fed. Rep., in *McKinstry's Case*, pages 211-216, following *Strong's Case*, pages 17-25. In omitting to find as a fact whether the services that were not allowed had or not been rendered. The undisputed testimony of claimant showing that claimant had rendered all the services charged, and that his accounts containing charges therefor had been duly approved by the court. The accounts under oath and disallow-

ances, and papers and dockets showing entries charged for, being in evidence. In disallowing charges for the items of: Complaint, as certificates at 15 cents per folio; as depositions, at 20 cents per folio. Acknowledgments to recognizances. Docket fees. Docket entries. Copies, except of warrant, under charge for copy of 'process.' Entering returns of warrants and subpoenas, Per diem charges. Certificates payment of witnesses [pay-rolls] in duplicate. It is stipulated and agreed that the above shall be considered as the propositions involved in the application for rehearing, and that the services charged for were duly proven on the trial to have been rendered, except as specifically found differently in the opinion of the court.

[Signed]    "GREGORY L. & H. T. SMITH,
        "GEORGE H. PATRICK,
           "Att'ys for Claimant, W. D. McKinstry.
[Signed]    "M. D. WICKERSHAM, U. S. Attorney.
"*June 17th*, 1889.

"It is further agreed that the question of the jurisdiction of the said circuit court to hear and determine causes based upon claims or demands against the goverment, like the claims or demands embraced in this suit, shall be considered as if duly pleaded and at issue on the original trial of the case.

[Signed]    "GREGORY L. & H. T. SMITH,
[Signed]    "GEORGE H. PATRICK, for Claimant.
[Signed]    "M. D. WICKERSHAM, U. S. Atty, for Defendant.
"*June 17th*, 1889."

*G. L. & H. T. Smith* and *G. H. Patrick*, for the motion.
*M. D. Wickersham*, U. S. Dist. Atty.
Before LAMAR, Justice, and PARDEE, J.

PARDEE, J., (*after stating the facts as above.*) The motion for a new trial has been submitted upon briefs, on the one side as to the merits, and on the other as to jurisdiction. At the outset, I desire to say that the whole investigation has been rendered more complex and difficult from the fact that the petitioner sued upon his claim as upon a general running account against the United States, allowing credits as payments had been made thereon, instead of suing on the disallowed items. So far as I have the record before me, it seems to be impossible to tell what items of the petitioner's account were allowed by the department and what were rejected. On this motion for a new trial, the counsel for the United States has interposed a sort of plea to the jurisdiction. Its exact pertinency is not apparent. If well taken, it would be in aid of the motion for a new trial; because, prior to dismissing the suit for want of jurisdiction, it would be necessary to grant the motion for a new trial. Further than this, I must confess that I do not exactly understand the points sought to be made by the district attorney.

The first clause of the first section of the act, approved March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States," provides—

"That the court of claims shall have jurisdiction to hear and determine the following matters: *First,* all claims founded upon the constitution of the United States, or any law of congress, except for pensions, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or un-

liquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable: provided, however, that nothing in this section shall be construed as giving to either of the courts herein mentioned jurisdiction to hear and determine claims growing out of the late civil war, and commonly known as 'war claims,' or to hear and determine other claims which have heretofore been rejected, or reported on adversely by any court, department, or commission authorized to hear and determine the same."

The second section of the said act provides—

"That the district courts of the United States shall have concurrent jurisdiction with the court of claims as to all matters named in the preceding section, where the amount of the claim does not exceed one thousand dollars; and the circuit courts of the United States shall have such concurrent jurisdiction in all cases where the amount of such claim exceeds one thousand dollars, and does not exceed ten thousand dollars."

It seems to be perfectly clear that the petitioner's claim is one embraced within the provisions of the first clause of the first section, and is not included within the proviso thereto. It is well understood that in passing the said act of March 3, 1887, the congress was making a direct and decided innovation in regard to allowing suits to be brought against the government; and that, for purposes of relieving the court of claims, and to relieve suitors from the expense of going to the capital, the jurisdiction was conferred upon the circuit and district courts.

### AS TO FINDINGS OF THE COURT.

The petitioner urges that he was entitled .to a finding of fact as to whether the services he sued for, and which were not allowed by the court, had or not been rendered. The evidence on the subject is full and clear. The law provides for the trial of this class of cases by the court without a jury, and that the court shall cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein, and the conclusions of the court upon all questions of law involved in the case. The law also provides, to a certain extent, for an appeal or writ of error, and in a contingency, for the examination and action of the attorney general. Whether the petitioner has rendered the services for which he demands fees from the government, seems to be a question of the utmost importance in the determination of the case, and for an intelligent review thereof by an appellate court, or by the department of justice.

### COMPLAINTS.

Section 1014 of the Revised Statutes provides as follows:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of the circuit court to take bail, * * * and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk's office of

such court, together with the recognizances of the witnesses for their appearance to testify in the case."

The Code of Alabama (1876) provides as follows:

"Sec. 4647. The complaint is an allegation made before a proper magistrate that a person has been guilty of a designated public offense. Sec. 4648. Upon a complaint being made to any one of the magistrates, specified in section 4026, that such offense has, in the opinion of the complainant, been committed, the magistrate must examine the complainant, and such witnesses as he may propose on oath, take their depositions in writing, and cause them to be subscribed by the persons making them. Sec. 4649. The depositions must set forth the facts stated by the complainant and his witnesses tending to establish the commission of the offense, and the guilt of the defendant."

From these sections, it is clear that a commissioner of the circuit court of the United States in the state of Alabama, in order to proceed agreeably to the usual mode of process against offenders in such state, must receive the complaint when presented, must examine the complainant and such witnesses as he may propose, on oath, take their depositions in writing, and cause them to be subscribed by the persons making them; and it follows that if the petitioner in this case has done and performed these services in connection with his office, in complaints brought of violations against the laws of the United States, he has performed necessary duties imposed upon him by his office, under the statutes. Section 847 of the Revised Statutes provides, with regard to commissioners' fees, as follows:

"For taking and certifying depositions to file, 20 cents for each folio; * * * for issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services."

The petitioner claimed for 130 complaints, 5 folios each, at 15 cents; 130 oaths at 10 cents, and 130 filings, 10 cents each, and the court rejected the claim, holding on the point as follows:

"There is no authority found in the statutes for a charge for a complaint. Neither section 828 nor 847 prescribes a fee for drawing a complaint in a criminal prosecution, nor for any like service; but, as a complaint is sworn to and filed, I think the petitioner is entitled to the fee prescribed for administering an oath, and for filing a paper in a case. While it was admitted in the argument by plaintiff's counsel that there is no fee allowed for complaint *eo nomine,* it was urged that he should be allowed compensation for taking depositions at the rate of 20 cents a folio, under section 847, Revised Statutes, inasmuch as he is required, in the preliminary examination of a criminal charge, to reduce to writing the testimony of the complainant and such witnesses as he may propose in support of his complaint. The Criminal Code of this state requires this, and calls such testimony 'deposition.' Code Ala. vol. 2, §§ 4256, 4257. But it does not require such testimony to be certified and filed by the magistrate, nor does it require such testimony to be taken with the same formalities as is required by the statute in the taking of depositions. Code Ala. §§ 2807, 2808. The Criminal Code only requires that the testimony shall be signed by the witness. Id. §§ 4256, 4286. That such examination, reduced to writing by a commissioner, is not a deposition, in contemplation of section 847, Revised Statutes, which prescribes a fee for taking and certifying depositions to file, see *Nail Factory* v. *Corning,* 7 Blatchf. 16, and also opinion in

v.40F.no.14—52

the case of *Strong* v. *U. S.*, in the district court for the southern district of Alabama, 34 Fed. Rep. 17, (filed February 21, 1888.)"

As shown above, the taking of the complaint was necessary and proper to the performance of the petitioner's duties. It is conceded that he cannot be paid for services unless it is provided for in that part of the fee-bill quoted above. If the provision in relation to taking depositions is taken and construed strictly and technically, presuming everything for the government and nothing for the petitioner, the finding of the court on the claim for complaints was right. On the other hand, if the provision is taken and construed liberally, and on the theory that the government does not require the services of commissioners of the circuit court without compensation, then the petitioner would seem to be entitled to compensation for taking complaints, and reducing them to writing, as for taking and certifying depositions to file.

"Depositions, in the most general sense of the word, are the written statements, under oath, of a witness in a judicial proceeding. "Deposition" is used in a special sense to denote a statement made orally by a person on oath before an examiner, commissioner, or other officer of the court, [but not in open court,] and taken down in writing by the examiner, and under his direction." Rap. & L. Law Dict. *verbo* "Deposition."

"Where the words of the statute prescribing compensation to a public officer are loose and obscure, and admit of two interpretations, they should be construed in favor of the officer." Judge STORY, in *U. S.* v. *Morse*, 3 Story, 87.

In view of the fact that the government requires the commissioner to take the complaint in writing, and has not otherwise provided compensation for the service, I think that a construction of the statute that will allow payment to be made therefor, as for taking and certifying depositions, should be adopted.

#### ACKNOWLEDGMENTS TO RECOGNIZANCES.

The reasoning with regard to complaints, and to the construction of the statute allowing compensation therefor, seems to apply with equal force with regard to acknowledgments of recognizances. The service is necessary, and no provision is made for the payment, except that the commissioner is authorized to charge, under section 847, for taking an acknowledgment, 25 cents. It may be that the acknowledgment referred to in the statute was originally intended for an acknowledgment of the execution and signature of conveyances; but it appears that it is the duty of the commissioner to take acknowledgments of recognizances for appearances in criminal cases, and, as there is little difference in fact between the two sorts of acknowledgment, it is not considered as forcing the statute to hold that the fee-bill, as quoted above, covers the case. In fact, I take it from the record in this case that the first comptroller has never declined to allow such a fee, but has practially held that, no matter the number of bail, only one acknowledgment could be allowed for in a case. For adjudged cases holding that commissioners are entitled to fee for acknowledgment to recognizance, see *Barber* v. *U. S.*, 35 Fed. Rep. 886; *Rand* v. *U. S.*, 36 Fed. Rep. 671; *Heyward* v. *U. S.*, 37 Fed. Rep. 764.

### DOCKET FEES.

Under the provisions of Rev. St. §§ 828, 847, commissioners of the circuit court, in certain cases, are entitled to docket fees. *U. S.* v. *Wallace,* 116 U. S. 398, 6 Sup. Ct. Rep. 408. In the act of congress entitled "An act making appropriations to supply deficiencies in the appropriations for the fiscal year ending June 30, 1886, and for prior years, and for other purposes," (chapter 903, 24 St. at Large, p. 274,) is the following provision:

"For fees of commissioners, and justices of the peace acting as commissioners, $50,000: provided, that for issuing any warrant or writ, and for any other necessary service, commissioners may be paid the same compensation as is allowed to clerks for like services; but they shall not be entitled to any docket fees."

The construction and effect of this provision has been before the court of claims and several of the district and circuit courts, and conflicting decisions have resulted. Several very able district judges have held that the said legislation does not take away the right of commissioners to receive docket fees, but only excepts their payment out of the sum appropriated by the said act. See *Bell* v. *U. S.,* 35 Fed. Rep. 889; *Rand* v. *U. S.,* 36 Fed. Rep. 671; *Hoyne* v. *U. S.,* 38 Fed. Rep. 542. The contrary ruling, *i. e.,* that the proviso of the said act, quoted above, was positive amendatory legislation, and enacted for the purpose of cutting off docket fees, is held by the court of claims in *Faris* v. *U. S.,* 23 Ct. Cl. 374; by Judge TOULMIN of this district, in *Strong* v. *U. S.,* 34 Fed. Rep. 17; and by Judge SIMONTON, of South Carolina, in *Calvert* v. *U. S.,* 37 Fed. Rep. 762. The one construction denies any substantial effect to the legislation; the other gives full effect to it as general legislation, amending the commissioners' fee-bill. There is no question of the power of congress to inject general legislation as a rider upon an appropriation in an appropriation bill. It has been too often done to be questioned at this day. The point for determination now is, what was the intention of the law-maker in the provision under consideration? Looking to the act itself, I find that congress therein made five specific appropriations for the payment of commissioners' fees,—*i. e.,* for the year 1883 and prior years, for 1884, 1885, 1886; and in the general appropriation act, approved the same day, I find still another appropriation for the same purpose for the year 1887. To the appropriation for 1886 the proviso is attached. The other appropriations are unconditional in every respect.

It is hardly to be supposed that congress intended to provide an amended and restricted fee-bill for commissioners for the year 1886, leaving prior and subsequent years for which provision was made at the same time, to the operation of the old fee-bill. As to docket fees, the language of the legislation is peremptory,—"but they shall not be allowed docket fees." The legislation in point of time follows so closely the decision of the supreme court in *U. S.* v. *Wallace, supra,* to the effect that in certain cases commissioners are entitled to docket fees, an allowance which theretofore had strenuously been resisted by the treasury department, that we can almost say that "the mischief to be remedied is apparent." I have

consulted the text-books and the adjudged cases, and have noticed the hardships of the law,—the courts on one side requiring commissioners to keep dockets, and the congress, on the other, refusing to pay therefor,— but, for the reasons aforesaid, and those given by Judge TOULMIN in *Strong* v. *U. S.*, *supra*, I am constrained to hold that the legislation in question was general, and not restricted, and that thereby the commissioners' fee-bill was so amended as not to allow docket fees under any circumstances.

On the other points submitted on this motion for a new trial, I agree with the trial judge in his opinion on file in this case and in the case of *Strong* v. *U. S.* As certain findings of fact and allowances have been refused the petitioner to which, according to this opinion, he is entitled, it is necessary that a new trial should be granted in the case.

An order to that effect will be entered.

LAMAR, Justice. Having sat with the circuit judge on the hearing of this motion, after due consideration and consultation we agreed in the general conclusions, and I assigned to him the preparation of the opinion. I have examined the above opinion prepared by him, and concur fully with the views therein presented.