## MARVIN v. UNITED STATES.

### (*Circuit Court, D. Connecticut.* December 19, 1890.)

**1. CLERK OF COURT—FEES.**
Under Act Cong. March 3, 1887, (24 St. 505,) the clerk is entitled, on orders of the court, to pay the accounts of the marshal and officers, other than commissioners, as follows: Entering order, 45 cents; copy, 30 cents; certificate, 15 cents; seal, 20 cents; filing duplicate, 10 cents.

**2. SAME.**
The statute requires that only one copy of the commissioner's account shall be presented, which is forwarded to the treasury department. *Held,* that a certified copy of the order of court approving it should accompany it, and that the fees should be as follows: Entering the order of approval, 45 cents; filing same, 10 cents; copy, 30 cents; certificate and seal, 35 cents.

**3. SAME.**
Where blanks furnished by the department for abstracts of payment of witnesses, etc., contain jurats, the clerk is entitled to a fee of 25 cents for each jurat.

**4. SAME.**
He is also entitled to a fee of 10 cents for filing each separate voucher returned by the marshal with his accounts.

**5. SAME.**
Under Act Cong. Aug. 4, 1886, (24 St. 253,) providing that none of the money thereby appropriated shall be used to pay clerk's *per diem* for attendance in court except for days when business was actually transacted, the burden is on the clerk to show that business was actually transacted by the court on the days for which he claims his *per diem* for attendance.

**6. SAME.**
A commissioner is entitled to a *per diem* for time actually spent by him in his judicial character as commissioner on criminal cases after the accused were arrested, though their cases were continued.

**7. SAME.**
The petitioner is entitled to a commissioner's *per diem* for services performed as such, though he performed services as clerk, and received compensation therefor, on the same day.

**8. SAME.**
Under Act Cong. June 30, 1879, (21 St. 43,) appointing the clerk a jury commissioner *ex officio,* he is entitled to a jury commissioner's compensation for services performed as such.

**9. SAME.**
For the annual statement to the attorney general of the judgments, etc., for the preceding year, the clerk is entitled to compensation for the final abstract at 15 cents per folio, and not to the regular fees for searches.

**10. FEES.**
He is entitled to fees for copies of orders to pay jurors, and for seals thereon.

**11. SAME.**
The clerk's fees for final records in criminal cases should be in accordance with the folios which are contained in the record, and not be limited to four folios. But he is not entitled to a separate fee for entering the oral appearances of attorneys in criminal cases, as this is included in the docket fee.

**12. SAME.**
Docket and discontinuance fees should be allowed where the commissioner's records are returned to court and docketed, though the case is discontinued before the information is filed.

**13. SAME.**
Under Rev. St. U. S. § 1091, providing that no interest shall be allowed on any claim up to the time of the rendition of a judgment thereon by the court of claims, unless on a contract expressly stipulating therefor, the circuit court cannot allow interest in a suit therefor brought in such court under 24 St. 505, no contract having stipulated for such interest.

**14. SAME.**
The commissioner is entitled to a fee for recognizance of record taken by him, where justices of the peace of the state in which the federal court is held have power to take such recognizances.

15. SAME.
    Where principal and surety enter into such recognizances by separate acknowledgments before the commissioner, he is entitled to a fee for each acknowledgment.
16. SAME.
    Under the provision of the statute that "copies of the process shall be returned to the clerk's office," fees should be allowed for transcripts of the record.
17. SAME.
    The provision of Act Cong. Aug. 4, 1886, (24 St. 274,) which is an appropriation bill, that commissioners may be paid the same compensation as is allowed clerks for like services, but "shall not be entitled to any docket fees," applies not merely to that appropriation, but is continuing.
18. SAME.
    The provision of Rev. St. U. S. § 1030, that no writ is necessary for remanding a prisoner from the court into custody, applies where the accused is in custody under a warrant from the court, and not where he is arrested on the first warrant of the commissioner to arrest and bring before him, and the commissioner is entitled to a fee for a *mittimus* upon the first continuance, if the prisoner is to be held.
19. SAME.
    The clerk is not entitled to fees as for reports for letters transmitting receipts of the depository for moneys, and stating the nature of the case, as the commissions on such moneys were intended to pay for these services.
20. SAME.
    The clerk is not entitled to a fee for keeping a list of the names and residences of jurors, as this is part of the jury commissioner's duties.
21. SAME.
    The commissioner is entitled to fees for affidavit, warrant, etc., in the case of an accused person who was not arrested, having left the state.

At Law.
*Edwin E. Marvin*, pro se.
*Geo. G. Sill*, Dist. Atty.

SHIPMAN, J. This is a petition under the act of March 3, 1887, (24 St. 505,) to recover fees and charges of the petitioner as clerk of the district and circuit courts of the United States for this district, as circuit court commissioner, and as jury commissioner *ex officio*, which have been disallowed by the treasury department, and which are specifically and by items set forth in the petition. The earliest item is dated August 1, 1883. The United States denied in fact the petitioner's right to recover, and appeared upon the hearing of the cause by the district attorney for this district. The said cause having been heard, the following facts are found by the court: All the allegations of fact in said petition are found to be true. The services and expenses charged therein, and in the various amendments thereto, were actually rendered and expended. The acts alleged in said petition and amendments to have been done and performed were done and performed, and the time therein alleged to have been spent as clerk, commissioner of the circuit court, and jury commissioner *ex officio*, was spent. The said items mentioned in the petition were included in the petitioner's accounts, which were duly presented to the judge of the district court, were approved, and forwarded to the accounting officer of the treasury, except the item of interest hereinafter mentioned. The liability of the United States depends entirely upon the construction which ought to be given to the statutes pertaining to the subject of fees, and the payment thereof.

1. The first matter in dispute relates to the proper amount of the clerk's fees upon orders of court to pay the accounts of the marshal and

other officers, upon his fees for administering the oaths and subscribing the jurats attached to each one of the marshal's vouchers, and for filing these vouchers. No clerk's fees were paid for a time upon the orders of court which allowed these accounts. I had occasion to examine this subject in *Stanton* v. *U. S.*, 37 Fed. Rep. 252, and was of opinion that the government was liable for this class of fees. Other judges have been of the same opinion, (*Erwin* v. *U. S.*, 37 Fed. Rep. 470; *Jones* v. *U. S.*, 39 Fed. Rep. 410; *Goodrich* v. *U. S.*, 42 Fed. Rep. 392;) and the present comptroller coincides therewith, but claims that the petitioner's fees are too large. The clerk annexes to both the duplicate accounts an order, signed and sealed, whereas the comptroller allows for an original order, which is retained in the clerk's office, and for a copy thereof annexed to the account which is sent to Washington. The difference in regard to the orders to pay commissioners is that the clerk makes and files a sealed order, whereas the comptroller is willing to allow for a recorded order without seal or filing. The difference upon commissioners' orders is 30 cents per order, and upon orders to pay other officers is 35 cents per order. In regard to the orders upon accounts of officers other than commissioners, the statute (18 St. 333) requires only a single order to be entered of record. "The law requires the account to be made in duplicate, but not the order approving the account. The original account, with a certified copy of the order, is forwarded to the treasury department, and the duplicate account is retained by the clerk, and filed in his office." *Jones* v. *U. S.*, 39 Fed. Rep. 410. I do not think that it is necessary that this order should be sealed. An order of court signed by the judge is sufficient. It should be said that the clerk was not notified by the first comptroller's office of its desire that a more economical course should be adopted until April, 1889. The charges for these services should be, as now claimed by the comptroller: Entering order, 45 cents; copy, 30 cents; certificate, 15 cents; seal, 20 cents; filing duplicate, 10 cents,—total, $1.20. The statute requires that only one copy of the commissioner's account should be presented, which is forwarded to the department. A certified copy of the order of court should accompany it. The fees for the service should be as follows: 45 cents for entering the order approving the account; 10 cents for filing the same; 30 cents for copy; 35 cents for certificate and seal,—total, $1.20.

The next question relates to the propriety of the charge of 25 cents for each jurat affixed to the abstracts of payment of witnesses, jurors, bailiffs, as well as to the accounts current to which they belong. The blanks which were furnished by the treasury department contained these jurats, and indicated the intention of the department that each separate account should be sworn to. Of late, if I am correctly advised, these separate oaths are not required. Inasmuch as they were required, they are to be paid by the government at the rate of 25 cents for each jurat. The government also objects to the charge of 10 cents for filing each voucher returned by the marshal with his accounts. Each voucher is a separate, unattached paper, and both convenience and neatness re-

quire that they should be marked and filed. The charge is allowed by the statute, and is due. It has been allowed in *Goodrich* v. *U. S.*, 35 Fed. Rep. 193; *Erwin* v. *U. S.*, *supra*; *Jones* v. *U. S.*, *supra*.

2. The second subject relates to the "*per diems*" for attendance and services as clerk, as circuit court commissioner, and as jury commissioner *ex officio*.

The first item in dispute is $80 for 16 days' attendance as clerk in July, 1886, when the minutes do not show what business was done. The appropriation bill of August 4, 1886, (24 St: 253,) provided that no part of the money appropriated by the act should be used in the payment of a *per diem* compensation to a clerk or marshal for attendance in court, except for days when business was actually transacted in court. This means business which belongs to the court, and is transacted by the judge, and places upon the clerk the burden of showing that business of the court was actually transacted on those days. The minutes simply show that the court was opened and adjourned, and, although the petitioner says that doubtless business of the court was transacted, he does not show what it was, within the proper meaning of that language, and I am therefore compelled to disallow the item. For other charges for attendance as clerk and mileage, the government is liable.

The next item under this head relates to commissioner's *per diems*, which were suspended, because, under the construction of the fee-bill which the treasury department adopted, the petitioner was not "hearing and deciding" a criminal case. The time charged was actually spent by the petitioner upon the cases in his judicial character as commissioner, after the accused were arrested and brought before him for trial. The cases were then continued for reasons which were satisfactory to him; one party or the other was not ready for trial. The facts are substantially the same with those in *U. S.* v. *Jones*, 134 U. S. 486, 10 Sup. Ct. Rep. 615, in which the commissioner's *per diems* were allowed. The same ruling had previously been made in *Rand* v. *U. S.*, 36 Fed. Rep. 671.

The next item is for commissioner's *per diems*, disallowed because he was allowed a *per diem* fee for the same days as clerk of court. The general question was considered in *U. S.* v. *Saunders*, 120 U. S. 126, 7 Sup. Ct. Rep. 467, when it was held that, when the functions of two appointments or offices which are held by one person, and to each of which compensation is attached, are separate and distinct, he is, in such case, entitled to recover the two compensations. The particular question was discussed in *Erwin* v. *U. S.*, *supra*, and I accord with the conclusion of Judge SPEER that the commissioner is entitled to his statutory fee of $5 for services performed upon any one day, although upon the same day he performs services as clerk, for which he also receives a *per diem*.

The clerk claims compensation for the services performed as jury commissioner *ex officio* from and after 1887, in accordance with the allowance made to jury commissioners in the various annual appropriation acts. The work requires the time that is charged. It devolves upon the clerk simply by virtue of the statute of June 30, 1879, (21 St. 43,)

which in fact made two persons jury commissioners; and the construction, which gives compensation to only one commissioner, and compels the clerk to do the work for nothing, seems to be a narrow one. I think that the clerk is a jury commissioner *ex officio*, and comes within the provisions of the statutes which give compensation to jury commissioners. *Erwin* v. *U. S., supra; Goodrich* v. *U. S.*, 42 Fed. Rep. 392.

3. The next class relates to fees for records of the proceedings of the court upon its minute book, and fees for annual reports to the attorney general of judgments, discontinuances, etc., for the year. The fees for recording the proceedings of court are now allowed and paid without objection, at the rate of 15 cents per folio, and the charge does not seem to be now contested, so that further discussion of the matter is unnecessary. The unpaid charges are allowed. The attorney general calls for an annual statement of the number of judgments, discontinuances, and other statistics in regard to the cases in court for the preceding year. The work of preparing the material and making the abstract is a considerable one, though at last the tabulated condensed statement is not more than a folio. As the clerk had to search for all judgments, he has charged according to the allowance in the fee-bill for searches. I think this charge inadmissible, and that the petitioner can recover only for the final abstract or report at the rate of 15 cents per folio.

The next item is for copies of orders to pay jurors in the fourth quarter of 1888, which were disallowed. I do not know the reason for the disallowance as a whole. They were previously, and are now, allowed. The charge for seals upon copies of this class of orders is contested. The original order of court is without seal, but a certified copy of an order of court should, as it seems to me, if in proper form, be attested by the seal of the court.

The next question arises upon fees for final records in criminal cases. The treasury department allows for four folios in each case, and rejects the excess above that number. There can be no such arbitrary rule for the payment of records, some of which are necessarily voluminous. The length of the record varies with the nature of the indictment, and there is no propriety in a rule which limits the payment of the recording of 50 folios to 60 cents, the fee for recording 4 folios. An examination shows that the clerk is entitled to $13.95, instead of $16.50, as charged. Charges for copies of folios which were furnished either by order of court or by order of the superintendent of the detective service, which have been unpaid, are hereby allowed.

4. This question is whether the clerk is entitled to a fee of 15 cents for entering in the docket the oral appearances of the attorney in criminal cases. I do not think that this entry comes within the provision for "making any record, certificate, return, or report," but it is included within the services which are paid for by the docket fee, and the charge is therefore disallowed.

5. Docket and discontinuance clerk fees were disallowed in two cases, where the commissioner's records were returned to court and docketed, and the cases were then discontinued by the attorney before an informa-

tion was filed. The fees were disallowed upon the ground that, until an information is filed, there is no case in court. This question was considered in *Stanton* v. *U. S.*, 37 Fed. Rep. 252, wherein it was held that the fees are properly chargeable. A charge of 10 cents each for filing 20 separate exhibits in a criminal case is allowed.

6. Interest at 4 per cent. for 23 months is claimed upon $635.71, audited in favor of the clerk on December 22, 1886, payment of which amount was withheld until November 10, 1888, for an immaterial reason. The appropriation was not exhausted. The statute under which this petition is brought (24 St. 505) is one enlarging the jurisdiction of the court of claims, and giving a concurrent jurisdiction in the specified cases to the district and circuit courts. In the statute relating to the court of claims (Rev. St. § 1091) it is provided that no interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the court of claims, unless upon a contract expressly stipulating for the payment of interest. This provision was held in *Tillson* v. *U. S.*, 100 U. S. 43, to be imperative against the allowance of interest by the court of claims, unless it is, in some way, expressly provided for. The circuit court has no larger power in regard to interest upon claims which are sued for under this statute than has the court of claims. An item of $1 for making and filing a report under section 798, at the September term, 1888, of circuit court, was disallowed, but is now allowed under the ordinary custom in regard to such reports.

7. The treasury department disallows a fee of 15 cents upon commissioners' orders fixing bail, holding to bail, and discharging bail, upon the ground that the commissioners' court is not a court of record. There are a number of decisions by federal judges that courts of justices of the peace in their respective states, and commissioners' courts therein, are not courts of record, and are not authorized to take acknowledgment of recognizances for future appearance of the accused, (*Strong* v. *U. S.*, 34 Fed. Rep. 17,) but that bail for the appearance in the trial court should be by bond; a recognizance being a contract of record, and a part of the records of the court, (*U. S.* v. *Ambrose*, 7 Fed. Rep. 554.) All these decisions are based upon *U. S.* v. *Rundlett*, 2 Curt. 41, in which Mr. Justice CURTIS held that it was the intention of congress, in the section of the act in regard to the powers of commissioners, now known as section 1014 of the Revised Statutes—

"To assimilate all the proceedings for holding accused persons to answer before a court of the United States to the proceedings held for similar purposes by the laws of the state where the proceedings should take place, and, as a necessary consequence, that the commissioners have power to order a recognizance to be given to appear before them in those states where justices of the peace or other examining magistrates have such power."

And if the magistrate in the state has no such power, the commissioner in such state cannot take a recognizance for appearance at a future day before him. Judge WOODRUFF, in *U. S.* v. *Case*, 8 Blatchf. 250, concurred in this construction, saying that "in a state where the justice of the peace has power to take a recognizance to appear from day to day,

pending the examination of the accused, then a United States commissioner has such power." If the state magistrate has not such power, a commissioner can only take bail for appearance at the proper court, to answer there for the offense charged. How the bail should be taken, whether by bond or recognizance, was not settled. In Connecticut a bond or recognizance for appearance before a justice of the peace from day to day can be taken by the magistrate pending the examination. *Potter* v. *Kingsbury*, 4 Day, 98. Courts of justices of the peace are courts of record, (*Davidson* v. *Murphy*, 13 Conn. 213,) and it is the constant practice for justices of the peace to take recognizances. The fees which are charged are proper in this district, and are allowed.

In this connection, items 10 and 11 may properly be considered. Item 10 relates to acknowledgments of the principal in a recognizance, which are objected to because only one aknowledgment of the bond is necessary, and, latterly, a fee for any acknowledgment is objected to upon the ground that an acknowledgment of a written bond is unnecessary, and adds nothing to its validity, which is true. But the recognizances which are taken by commissioners in this district, and other districts where similar statutes exist, are not written bonds, but are obligations entered into before the court, and into which each party, both principal and surety, enters by a separate acknowledgment. No. 11 relates to fees for copies or transcripts of records returned by the commissioner to the clerk's office. The auditor allows, in each case, the sum of 60 cents as ample to furnish a record of the proceedings or for a copy of the "process." The statute provides that "copies of the process shall be returned" to the clerk's office, and the auditor construes this to be a copy merely of the warrant, or perhaps the complaint and warrant. The commissioner makes a copy of the record. If "process" in section 1014 is properly construed to mean simply the papers upon which the accused was arrested, the position of the auditor is correct. But it was expressly held in *U. S.* v. *Rundlett, supra,* that "mode of process" in this section means mode of proceeding, and that the non-appearance of the principal in the recognizance in answer to a call was to be proved by an entry on the minutes of the magistrate, and returned to him as part of the proceedings. The word "process" in like manner does not mean simply the warrant, but is used in the larger sense of "proceedings." The petitioner has followed the uniform course of justices of the peace in this state, who are required by statute to transmit to specified officers of the state court copies of the files and records in "binding over" criminal cases before them. An examination of all the records named in the petition and amendments shows that $16.80 should be allowed and paid in excess of the sum allowed by the auditor.

8. The next subject is the much-disputed question of a commissioner's right to docket fees under the deficiency appropriation bill of August 4, 1886, (24 St. 274,) which appropriated a sum of money for the payment of commissioners: "provided, that for issuing any warrant or writ and for any other necessary service, commissioners may be paid the same compensation as is allowed to clerks for like services, but they

shall not be entitled to any docket fees." Upon the question whether this provision applied merely to that appropriation, or was a continuing statute, and was intended to limit the breadth of section 847, as construed by the supreme court in *U. S.* v. *Wallace*, 116 U. S. 398, 6 Sup. Ct. Rep. 408, the courts have been much divided. *Bell* v. *U. S.*, 35 Fed. Rep. 889; *Rand* v. *U. S.*, 36 Fed. Rep. 671; *Hoyne* v. *U. S.*, 38 Fed. Rep. 542; and *McDermott* v. *U. S.*, 40 Fed. Rep. 217, are authorities to the effect that the provision applied merely to that appropriation. *Strong* v. *U. S.*, 34 Fed. Rep. 17; *Calvert* v. *U. S.*, 37 Fed. Rep. 762; *McKinstry* v. *U. S.*, 40 Fed. Rep. 813; *Crawford* v. *U. S.*, Id. 446; *Goodrich* v. *U. S.*, 42 Fed. Rep. 392, are *contra*. Notwithstanding the clause is in a deficiency bill, and is a proviso, I think that the history of the legislation, and the positive character of the language, which, repeating the phraseology of the disputed clause of section 847, adds the declaration, "they shall not be entitled to any docket fees," show the legislative intent that docket fees should not thereafter be included within that section; in other words, the reasoning of Judges TOULMIN and PARDEE, with which Mr. Justice LAMAR concurs, seems to me the more forcible and convincing. The item is not allowed.

9. The department declines to allow for a *mittimus* by the commissioners upon the first continuance, upon the ground that section 1030 provides that no writ is necessary for remanding the prisoner from the court into custody. This is applicable where the accused is already in custody by virtue of a warrant from the court. The first warrant of the commissioner is simply to arrest and bring before him; and, when it is executed, it has spent its force. A commitment to jail becomes necessary if the prisoner is to be held. *Ex parte Morrill*, 35 Fed. Rep. 261; *Heyward* v. *U. S.*, 37 Fed. Rep. 764. In this district, the copy which is required by section 1028 to be left with the jailer is made and certified by the commissioner. The fees for the warrant or *mittimus*, filing the same upon its return, entering the return, the copy, and the certificate, are $1.80.

12. Fees for five subpœnas were deducted on the ground that they were excessive. The clerk testifies that he never issued a subpœna unless it was called for by the district attorney. I have no reason to suppose that unnecessary papers of this kind are called for or are issued.

13. The clerk charges for reports to the depositary, secretary of the treasury, and commissioner of internal revenue of the cases in which moneys are paid to the clerk at 15 cents per folio. These reports are in the nature of letters to the different officials, transmitting the receipts of the depositary for these moneys, and stating the case and its nature. I think that the term "reports" is not applicable to them, and that the commissions were intended to cover the services incident to the deposit of the money and the transmission of the information to the department. This item is disallowed.

14. Small deductions of $1.90 were made for claimed errors in addition, etc., as stated in the fourteenth claim. The amount should not have been deducted.

15. The clerk charges for recording, in a book for that purpose, the names and residences of the jurors who were annually selected, and whose names were put in the boxes. This was not done by order of court, but was a thing very proper and necessary to be done for the orderly management of the business. A list or a record should be kept, so that the names upon the separate slips can be easily ascertained and verified, and that the names of those who have been drawn or who have died or have removed may be checked. This was a part of the business of the jury commissioners, and not of the clerk, as clerk. This item is not allowed.

16. The charges by the plaintiff as United States commissioner of $2.20 for affidavit, oath, filing, and the warrant in the case of an accused person who was not arrested, having left the state for another country, are allowed. The charges of $1.30 as clerk, for entering motion to reduce a bond and denial of the same, also of fees for *mittimus* in *Massacott's Case*, and for entering motions and orders appointing guardians *ad litem* of minors, are allowed. The items in regard to entering motions for and orders of leave to file pleas of *nolo contendere*, and for entering payment of fines and costs, are withdrawn.

17. The next item, consisting of charges for copies of bills of costs furnished by the clerk in compromised internal revenue cases, as follows: For copy of costs furnished district attorney in these cases before judgment, 10 cents; a certified copy furnished after judgment, by direction of the internal revenue commissioner, 25 cents. In compromised internal revenue cases, the department requires these copies, and the copy after payment is required to be a certified copy. The fees are included in the expenses to be paid, and are paid to the government by the defendant. The item is allowed.

The amount due to the plaintiff is $1,279.12, for which let judgment be entered, with costs.